## Commonwealth v. Kelly

*James A. Stranahan, 3rd,* for Coolspring Township School District.

*Hiram M. Drake,* for defendant.

McKAY, J., March 25, 1959.—On November 1, 1958, defendant was prosecuted before Charles R. Perschka, a justice of the peace of Coolspring Township, for violating the provisions of a tax resolution of the school district of that township by failing to file a

proper return of his earned income for the year beginning July 1, 1957. Defendant waived a hearing and furnished bond for his appearance in quarter sessions court. The question of our jurisdiction is not being raised, both defendant and the school district being desirous of having the legal question involved in the prosecution determined by court decision. The resolution was adopted pursuant to the provisions of the Tax Anything Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851.

The act empowers school boards in certain classes of school districts, including districts of the fourth class to which the Coolspring Township district belongs, to impose a tax "on persons, transactions, occupations, privileges, subjects and personal property . . ." The act denies to such school districts the right to levy a tax on salaries, wages, commissions, compensation and earned income of nonresidents and limits the amount of tax to be imposed "on wages, salaries, commissions and other earned income of individuals" to one percent.

The resolution imposes a tax of 10 mills on each dollar on "(a) Salaries, wages, commissions and other compensation earned on or after July 1, 1957, by residents" of the district, "and on (b) The net profits earned on or after July 1, 1957, of businesses, professions or other activities conducted by such residents."

On appeal to this court, the case was heard upon a statement of agreed facts which are, in substance, as follows.

During the taxable year, defendant, who resides in the school district, received wages and also operated a restaurant business, the latter at a loss. In preparing the return of income earned which he filed for the taxable year in question, he deducted his business loss from his wages, computed his tax upon the balance and tendered to the receiver of taxes of the

school district, as payment in full of taxes owed, the sum of $20.92, which was the amount due if his method of computing his tax was correct. The receiver, however, determined that the business loss could not be deducted from wages received and computed the tax at $37.05, which defendant refused to pay. The present prosecution followed.

The question before us, therefore, is whether, under the above resolution, a taxpayer, who is both a wage earner and the operator of a business during the taxable year but who suffers a loss in the operation of his business, may deduct that loss from his wages in arriving at his total of earned income subject to taxation.

Our answer to this question is yes.

A reading of the above quoted portions of the resolution imposing the tax indicates an intention on the part of the taxing body that the tax is imposed not on the separate money-earning activities of the taxpayer, but on his total earned income from both sources. In this connection, the use of the words "and on" between the category of wages and that of business profits shows that all the income earned is being taxed, and that the income from both the respective sources must be added together in order that the total amount subject to tax may be ascertained. Accordingly, if the business operation results in a loss, as in the present case, that portion of the "income" is a negative or minus amount, which, in the process of addition, should actually be subtracted, as in an algebraic addition.

This conclusion is supported by a reference to the return form which is supplied by the district to its taxpayers for use in reporting their earned income. The return form lists the various sources of earned income which are subject to the tax under capital letters. For example, under B, wages received are re-

quired to be listed. C requires a schedule of "any profit (*or loss*) from business or profession." Line 17 is the total of expenses of the business. Line 18 reads: "Subtract this total from gross profit and show your net profit (*or loss*)." (Italics supplied.)

The question naturally arises, why is the taxpayer required to list his loss in the column of earned income from the respective sources unless the loss is to be considered in arriving at the total earned income?

In line E 1 of the form, the taxpayer is told to "add all income items from B (i.e., wages),* C (i.e., business profit or loss,* and D (i.e., farm operation or partnerships)* here ————."

This form clearly indicates that the amount of the loss in business, if any, as well as the amount of the profit, if there is a profit, is to be listed in the final set of totals which are to be added up to arrive at the overall earned income. This being true, if there is a loss, the figure in that column is a minus figure, and, in adding the figures, it must be subtracted.

On the other hand, the school district contends that the resolution indicates an intention of the taxing body to tax each source of income separately, as an independent activity, and, hence, it urges, in the absence of a specific provision in the resolution or of an appropriate regulation allowing a loss in one category to be set off against the amounts of earned income in the other categories, such deduction cannot be made.

The most that can be said for this position is that it is possible that there is doubt as to the meaning of the resolution in this respect due to its ambiguity. But if there is such doubt, which we deny, the district's

---

* We have inserted the parenthesized words in the preceding sentence to indicate what B, C and D are.

position is not supported thereby, for tax statutes as well as tax resolutions are required to be construed strictly in favor of the taxpayer and against the taxing body.

The conclusion which we have arrived at is, we believe, a reasonable and sensible one. Let us suppose that in a taxable year the taxpayer receives wages of $1,000, but in the operation of his business, sustains a loss of $100,000. In that event, it could not be seriously contended that his total taxable earned income was actually $1,000. Any reasonable person would agree that, if his business operation is taken into consideration at all, he earned nothing.

Moreover, the conclusion is a just one. It is manifestly unfair to require one who has sustained a substantial loss in the process of attempting to earn income through a business operation to pay a tax on the full amount of the wages he received without considering such business losses, when, if the business had been successful, he would have had to pay a tax on the profit in the business as well as on the wages. The purpose of law is justice, and the business of the courts is to dispense justice. We would be reluctant to make a decision which, in every applicable case, would impose an unjust result unless our duty to do so were clear.

Fortunately, in the present case, as we have shown, the resolution and the district's return form indicate the intent of the board of school directors that business losses are to be deducted from the other sources of earned income, such as wages, in arriving at the total of such income subject to taxation. Hence, the return filed by defendant was lawful.

### Order

Now, March 25, 1959, the court finds defendant not guilty, the costs to be paid by the County of Mercer.