G. W. Dakoski v. Nicholas Urda, Appellant.

Argued April 8, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Nicholas Urda,* appellant, for himself.

*Ulric J. McHale,* for appellee.

OPINION BY JUDGE MENCER, June 7, 1976:

Forest City Regional School District, which includes Herrick Township in Susquehanna County, adopted on May 10, 1965 an earned income tax resolu-

tion which levied an annual tax for general revenue purposes of one-half of one percent on all salaries, wages, commissions, and other compensation earned or received by residents of the school district. This tax was continued from year to year, including the year 1973, by the adoption of subsequent resolutions. These subsequent resolutions were adopted under the provisions and authority of The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, *as amended,* 53 P.S. §6901 et seq.

Nicholas Urda (Urda), a resident of Herrick Township, earned $11,615.69 in wages for the year 1973. Urda refused, on request of G. W. Dakoski, Tax Collector for Herrick Township, to pay the applicable earned income tax for the year 1973. The tax collector filed a suit against Urda for collection of the claimed tax and obtained a judgment against Urda for the amount of $58.08, together with interest and costs. This appeal followed, and we affirm the order of the Court of Common Pleas of Susquehanna County.

In determining the validity of local municipal taxation, our case law places a very heavy burden on those who seek to upset such taxation. *Campbell v. Coatesville Area School District,* 440 Pa. 496, 270 A. 2d 385 (1970). Here, Urda, without citation of any case authority, challenges the tax ordinance in question on the basis of his personal opinion that the school district's earned income tax is unconstitutional because his "wages are taxed by the Federal Government, the Commonwealth of Pennsylvania and the Forest City Regional School District". Further, Urda asserts that the tax is fatally defective and not uniform in its application because it is computed on the gross incomes of individuals and the net incomes of businesses. Finally, Urda contends that the "Commonwealth has pre-empted this field of taxation with the passage of the State Income Tax".

In *Wilkes-Barre Appeal*, 208 Pa. Superior Ct. 424, 222 A. 2d 499 (1966), it was held that The Local Tax Enabling Act constitutes a substantial reenactment of the Act of June 25, 1947, P. L. 1145, commonly known as the "Tax Anything Act", and that the earlier statute should be construed to have continued in active operation without any break in its authority. In *English v. Robinson Township School District*, 358 Pa. 45, 55 A.2d 803 (1947), it was held that the Act of June 25, 1947 did not violate constitutional uniformity requirements. *See Blauner's, Inc. v. Philadelphia*, 330 Pa. 342, 198 A. 889 (1938); *Wilson v. Philadelphia School District*, 328 Pa. 225, 195 A. 90 (1937).

Concerning the preemption argument made by Urda, suffice it to mention that Section 3 of the Act of August 31, 1971, P. L. 362, repealed prior Article III of the Tax Reform Code of 1971, Act of March 4, 1971, P. L. 6, 72 P.S. §7101 et seq., and Section 4 amended the Act by adding certain sections, including the Saving Clause, Section 359, 72 P.S. §7359, which reads as follows:

"(a) Notwithstanding anything contained in any law to the contrary, the validity of any ordinance or part of any ordinance or any resolution or part of any resolution, and any amendments or supplements thereto now or hereafter enacted or adopted by any political subdivision of this Commonwealth for or relating to the imposition, levy or collection of any tax, shall not be affected or impaired by anything contained in this article."

Finally, Urda's claim that it is unconstitutional for more than one governing body to tax his wages is one that is without merit. We are unaware of any authority for such a proposition, and Urda has not invited our attention to any such holding. Sympathetic as we might be to such a conclusion, we do not perceive any legal merit in it.

Since we find Urda's challenge here to be unmeritorious, we do not pass upon whether Urda is precluded in his constitutional attack under the doctrines of waiver and laches. *See Appeal of Williams Grove, Inc.*, 22 Cumberland 82 (1972).

Order affirmed.

Judge KRAMER did not participate in the decision in this case.