Mark B. Aronson, Appellant *v.* The City of Pittsburgh, School District of Pittsburgh, and Ronald C. Schmeiser, Director, The City of Pittsburgh and School District of Pittsburgh, Appellees.

Mark B. Aronson, Appellant *v.* The City of Pittsburgh, School District of Pittsburgh, and Ronald C. Schmeiser, Director, The City of Pittsburgh and School District of Pittsburgh, Appellees.

Mark B. Aronson, Appellee *v.* The City of Pittsburgh, School District of Pittsburgh, and Ronald C. Schmeiser, Director, The City of Pittsburgh and School District of Pittsburgh. City of Pittsburgh and Ronald C. Schmeiser, Appellants.

Mark B. Aronson, Appellant *v.* The City of Pittsburgh, School District of Pittsburgh, and Joseph L. Cosetti, City and School Treasurer, Appellees.

Mark B. Aronson, Appellant *v.* The City of Pittsburgh and The Board of Public Education of the School District of Pittsburgh, Appellees.

Argued November 16, 1984, before Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

*Mark B. Aronson,* appellant/appellee, for himself.

*Grace S. Harris,* Assistant City Solicitor, with her, *Ronald H. Pferdehirt,* Assistant City Solicitor and *D. R. Pellegrini,* City Solicitor, for appellee/appellant, City of Pittsburgh et al.

*David H. Dille,* with him, *Robert J. Stefanko,* for appellee, The Board of Public Education of The School District of Pittsburgh.

OPINION BY JUDGE CRAIG, January 3, 1985:

Pittsburgh taxpayer Mark Aronson, who derives income from his law practice and a real estate business, as well as from services as a director in various corporations, has brought four appeals, now consolidated, from decisions of the Court of Common Pleas of Allegheny County in two Local Agency Law[1] appeals from net profits tax assessments made against him for the years 1971-1975 and 1976-1979 by the City of Pittsburgh and the School District of Pittsburgh, and from a trial court decision in a refund suit for earned income tax for 1982.

The city has brought the fifth appeal in this consolidated group, from a decision by the same common pleas court in Aronson's favor involving business privilege taxes for 1980.

The taxpayer's appeals principally involve the following issues:

1. Where the taxpayer filed no appeal from the trial court's 1978 decision against him on 1971-1975 net profits taxes, but, after the taxing bodies filed a praecipe for judgment on that order in March, 1983, did appeal from the trial judge's discharge of a rule

---

[1] 2 Pa. C. S. §§551-555, 751-754.

to show cause why that judgment should not be stricken, are the merits of the 1971-1975 tax and assessments now reviewable? (No. 1086 C.D. 1983 here; S.A. 11 of 1977 in the trial court.)

2. Should the trial court have struck off the judgment as invalid because it included interest calculated to the fifteenth day of the month following its entry? (No. 1086 C.D. 1983 here; S.A. 11 of 1977 in the trial court.)

3. In view of the taxing bodies' delay in waiting until 1983 to enter judgment on the 1978 court order, did that 1978 order on the 1971-1975 tax assessments become ineffective against the taxpayer in view of a local court rule providing that a civil action could be mooted if it remained inactive for a period of two years? (No. 1086 C.D. 1983 here; S.A. 11 of 1977 in the trial court.)

4. With respect to net profits tax, may a taxpayer offset losses in one trade or business against earnings derived by that taxpayer from engaging in another trade or business during the same time period? (No. 501 C.D. 1983 here; S.A. 826 of 1982 in the trial court.)

5. Is the taxpayer liable for interest and penalties with respect to the net profit tax assessments for 1976-79 in view of delay in granting the taxpayer a treasurer's hearing on them (No. 501 C.D. 1983 here; S.A. 826 of 1982 in the trial court.)

6. Are the taxing bodies precluded from imposing a net profits tax under their earned income tax ordinances because of the existence of Pennsylvania State Personal Income Tax?[2] (No. 3074 C.D. 1983 here; No. 5186 of 1983 in the trial court.)

Also before us is the taxpayer's appeal at No. 702 C.D. 1983, taken from the trial court's refusal to

---

[2] Act of March 4, 1971, P.L. 6, as amended, §§301-412, 72 P.S. §§7301-7412.

strike off the taxing body's judgment entered upon the final order in the Local Agency Law proceeding pertaining to the 1976-1979 and 1980 tax assessments, at S.A. 826 of 1982. However, because that appeal involves no questions other than those listed above, this court's disposition of the foregoing questions will govern it also.

In the cross-appeal of the City of Pittsburgh, one question appears:

> Does the receipt of fees for services as a director of corporations having their offices outside of the City of Pittsburgh, by an individual having his business office within the City of Pittsburgh, constitute a "business" subject to the city's business privilege tax, as well as to its earned income tax? (No. 637 C.D. 1983 here; S.A. 826 of 1982 in the trial court.)

### 1. *Merits of the 1971-1975 Tax Assessments*

Judge SMITH of the trial court, in the Local Agency Law appeal involving the city and school net profits taxes for 1971-1975, filed his order on June 27, 1978, deciding against the taxpayer on the attempt to offset real estate business losses against law practice earnings for the period. That order was appealable because, as entered, it accomplished a final disposition of the matter. Orders following final adjudications in statutory appeals are appealable without the necessity of a formal entry of a judgment because they are not money verdicts or awards, nor are they mere directions as to which a further entry of judgment is required under Pa. R.A.P. 301(c).

Clearly, by seeking to strike the 1983 judgment on purely technical grounds, such as the inclusion of improper interest and a violation of a local court rule, the taxpayer could not revive for review in this court

the merits of the 1978 decision which he had failed to appeal within thirty days after its entry. Pa. R.A.P. 903(a).

## 2. *Failure to Proceed After Final Order*

Long after Judge SMITH's 1978 order, the tax collectors sought the entry of judgment, apparently as a basis for execution against the taxpayer after a period of not having received payment. The taxpayer pointed to a local court rule, Allegheny County Common Pleas Court Rule No. 229(e), which provided that the court can treat an action as moot if there is inactivity in prosecuting it for a period of two years. However, after the merits of a case have been concluded by a final decision, a local rule requiring active prosecution of the action has no application. There is no need to proceed with further litigation after a final order has been entered; the entry of judgment in a statutory appeal case may be a prelude to an execution process, but it does not constitute any step in the prosecution of litigation leading to the appealable decision.

## 3. *Interest Charged Within and Upon the Judgments*

The taxing body's judgments were not invalid because of the inclusion of interest for an entire month on the basis of a fraction of a month. The enabling acts applicable to the net profits taxes of the city and school district both provide, in identical language:

> If for any reason the tax is not paid when due interest . . . and . . . penalty . . . for each month or fraction thereof during which the tax remains unpaid, shall be added and collected. Where suit is brought for the recovery of any such tax, the person liable therefor shall, in addition, be liable for . . . the interest and penalties herein imposed.

Section 13 VIII of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, 53 P.S. §6913 VIII; Act of August 24, 1961, P.L. 1135, §7, 24 P.S. §588.7. Clearly, under these provisions, the judgments were correct in including a full month's interest with respect to the fraction of a month. Moreover, the taxpayer has made no claim that he paid the taxes before the date to which interest was calculated.

The taxpayer's additional claim, that the judgments should not bear further interest because they include interest, is unfounded. 42 Pa. C. S. §8101.

### 4. Offsetting Real Estate Business Losses Against Law Practice Earnings

Judge SILVESTRI correctly decided that the taxpayer could not offset real estate business losses against law practice earnings for the purpose of net profits taxes during the respective tax years.

With respect to the school district, its earnings tax law, in section 2,[3] permits the school district to levy a tax upon net profits earned from "businesses, professionals and other activities." Section 1 of that Act defines "net profits" as

> the net gain from the operation of *a business,* profession or enterprise, after provision for all costs and expenses incurred *in the conduct thereof,* either paid or accrued in accordance with the accounting system used *in such business,* professional enterprise, but without deduction of taxes based on income. (Emphasis added.)

24 P.S. §588.1. Similarly, section 13 I of The Local Tax Enabling Act,[4] pertaining to the city, defines,

---

[3] Act of August 24, 1961, P.L. 1135, 24 P.S. §588.2.
[4] Act of December 31, 1965, P.L. 1257, 53 P.S. §6913 I.

"net profits" as the net income from the operation of "*a business* . . . after provision for all costs and expenses incurred *in the conduct thereof*. . . ." (Emphasis added.)

Thus the statutes speak in terms of the imposition of the net profits tax upon each business or profession separately. Clearly, net profits of a business are to be determined with reference only to the gross income and expenses of that business, without mixing the income of one enterprise with the expenses of another.

Therefore, with offsetting not allowable, there is no need to reach the further question as to the deductability of depreciation on items as distinguished from operating losses.

### 5. *Imposition of Penalties*

The taxpayer questions the claim of the taxing bodies for penalties, as well as interest, during the period following the filing of his statutory appeal, while he had not yet been given a treasurer's hearing. However, the fact that a taxpayer has appealed, even in good faith, is irrelevant in determining penalties if the taxpayer has failed to pay the tax. *See School District of Philadelphia v. W. T. Grant,* 19 Pa. Commonwealth Ct. 402, 339 A.2d 628 (1975).

The taxpayer also has complained that, when, on July 15, 1983, he finally paid the taxes as to which judgments were entered in March of 1983, the tax collectors charged him an additional amount (*e.g.,* about $44.00 more, as to the 1971-1975 tax claims) by assessing tax penalty and interest for the April-July period instead of just interest on the judgments. Of course, no such issue is properly before us. That question, naturally, did not emerge in the litigation underlying those judgments, and the taxpayer, having paid the

additional amount and filed no refund claim, has left the point beyond our consideration, effectively waiving it.

### 6. *Preemption by Pennsylvania State Income Tax*

Although the taxpayer has challenged the validity of the city and school district net profits taxes in all of his appeals on the ground that the Pennsylvania State Income Tax Law has preempted the power of the local taxing bodies to levy them, he succeeded in properly raising that question only in his refund claim for 1980 on appeal here at No. 3074 C.D. 1983.

In the local agency appeals for 1971-1975 and 1976-1979, he never raised those issues. In the proceedings involving the 1976-1979 years, because the treasurer's proceeding afforded him a full and complete record, his failure to raise the preemption issue before the treasurer precluded him from pursuing it thereafter because the Local Agency Law expressly provides that "if a full and complete record of the proceedings before the agency was made such party may not raise on appeal any other question not raised before the agency . . . ." regardless of the agency's competency to resolve the particular question. 2 Pa. C. S. §753(a).

In the proceedings involving the 1971-1975 years, there was no full and complete record at the treasurer's hearing but the taxpayer never raised any constitutional or preemption question in the de novo proceeding before the court thereafter. Of course, on appeal, we cannot consider non-jurisdictional questions which have not been raised.

At most, therefore, the preemption question is subject to review only in the taxpayer's appeal from his refund suit for 1980 taxes, where he did raise the question in his complaint.

There he relied upon section 3 of the Local Tax Enabling Act, applicable to the city's net profits tax, which provides that a state tax on the same subject will vacate the local levy, 53 P.S. §6903, and upon section 9(c) of the school district's statute, 24 P.S. §588.-9(c), which disables the school district from imposing any tax as to which the city is without authority to tax. However, section 359(a) of the Pennsylvania Personal Income Tax Law clearly states that the levy of the state income tax will not preclude local political subdivisions from levying similar taxes. 72 P.S. §7359(a). We so held in *Dakoski v. Urda*, 25 Pa. Commonwealth Ct. 77, 358 A.2d 438 (1976). On this point we adopt in full the sound opinion and decision of Judge WETTICK of the Court of Common Pleas of Allegheny County, in the case at No. 3074 C.D. 1983 here, D. & C. 3rd ( ).

*Taxability of Corporation Directors for Fees under Business Privilege Tax*

In the city's cross-appeal from Judge SILVESTRI'S decision that the taxpayer's corporate director's fees, taxable under the earned income tax, are not also taxable under the Business Privilege Tax, we affirm solely because receipt of compensation for services as a corporate director does not constitute a business as defined in the business privilege tax ordinance.

*Conclusion*

Therefore, in all appeals the decisions are affirmed.

ORDER IN 501 C.D. 1983

Now, January 3, 1985, the order of the Court of Common Pleas of Allegheny County, Pennsylvania, entered on January 26, 1983, at No. S.A. 826 of 1982, is affirmed.

ORDER IN 702 C.D. 1983

Now, January 3, 1985, the judgment entered on March 9, 1983, at No. S.A. 826 of 1982, in the Court of Common Pleas of Allegheny County, Pennsylvania, is affirmed.

ORDER IN 637 C.D. 1983

Now, January 3, 1985, the order of the Court of Common Pleas of Allegheny County, Pennsylvania, entered on January 26, 1983, at No. S.A. 826 of 1982, is affirmed.

ORDER IN 3074 C.D. 1983

Now, January 3, 1985, the order of the Court of Common Pleas of Allegheny County, Pennsylvania, dated October 25, 1983, at No. 05186 of 1983 (Arbitration Docket), is affirmed.

ORDER IN 1086 C.D. 1983

Now, January 3, 1985, the judgment entered on March 29, 1983, and the order of court discharging rule to show cause why judgment should not be stricken entered on April 18, 1983, at No. S.A. 11 of 1977, in the Court of Common Pleas of Allegheny County, Pennsylvania, is affirmed.