527 A.2d 581

Anthony J. F. O'Reilly and Susan O'Reilly, his wife *v.* Fox Chapel Area School District and Borough of Fox Chapel. Borough of Fox Chapel, Appellant.

Anthony J. F. O'Reilly and Susan O'Reilly, his wife, Appellants *v.* Fox Chapel Area School District and Borough of Fox Chapel, Appellees.

Anthony J. F. O'Reilly and Susan O'Reilly, his wife *v.* Fox Chapel Area School District and Borough of Fox Chapel. Fox Chapel Area School District, Appellant.

Argued March 24, 1987, before President Judge CRUMLISH, JR., Judge PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

518

*Thomas L. Peters,* with him, *Arthur H. Stroyd, Jr.* and *Carolyn D. Duronio, Reed, Smith, Shaw & McClay,* for appellants.

*Ronald W. Crouch,* with him, *A. Bruce Bowden, Buchanan Ingersoll Professional Corporation,* for appellee, Borough of Fox Chapel.

*Martin W. Sheerer,* for appellee, Fox Chapel Area School District.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 10, 1987:

Anthony O'Reilly appeals an Allegheny County Common Pleas Court order granting partial summary judgment in favor of the Borough of Fox Chapel (Borough) and the Fox Chapel Area School District (School District) (No. 1750 C.D. 1986). The School District has filed a motion to quash O'Reilly's appeal as untimely.

The Borough and School District, in turn, appeal a subsequent Allegheny County Common Pleas Court order granting O'Reilly's supplemental motion for summary judgment and barring as untimely their counterclaim for unpaid 1980 taxes (Nos. 1704 and 1751 C.D. 1986).

These appeals have been consolidated for this Court's consideration.[1]

---

[1] By Order dated July 24, 1986, this Court consolidated these three appeals because they involved related issues of tax credits and business loss deductions.

O'Reilly, a citizen of the Republic of Ireland and a resident of the Borough of Fox Chapel, derives income from services performed in Pennsylvania and the Republic of Ireland. He brought suit against the Borough and School District in 1984 for a refund of local earned income taxes allegedly overpaid in 1980 and 1981. O'Reilly is obligated to pay these local taxes under the Local Tax Enabling Act (LTEA),[2] which authorizes political subdivisions such as the Borough and the School District to impose earned income tax on residents and nonresidents employed or conducting business within their borders.[3]

O'Reilly is entitled to a tax credit if he meets the criteria established in Section 14 of the LTEA,[4] which provides in pertinent part:

> Payment of any tax on income to any State other than Pennsylvania or to any political subdivision located outside the boundaries of this Commonwealth, by residents of a political subdivision located in Pennsylvania shall, to the extent that such income includes salaries, wages, commissions, or other compensation or net profits of businesses, professions or other activities but in such proportions as hereinafter set

---

[2] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6923.

[3] Pursuant to the LTEA, the Borough and School District impose a tax for general revenue purposes on salaries, wages and other compensation earned by residents and on net profits earned from businesses, professions, and other activities conducted by residents. Borough of Fox Chapel, Earned Income Tax Ordinance No. XXIV, §52, Ordinance 176, November 18, 1957, Section 2, as last reenacted and amended by Ordinance 380, March 20, 1978; and Fox Chapel Area School District Resolution, R-1982-5. The Borough's ordinance imposes a tax of one-half of one per centum and the School District's resolution levies a one percent tax.

[4] 53 P.S. §6914.

forth, be credited to and allowed as a deduction from the liability of such person for any other tax on salaries, wages, commissions, other compensation or net profits of businesses, professions or other activities imposed by any political subdivision of this Commonwealth under the authority of this act.

In his initial motion for summary judgment, O'Reilly argued that he was entitled to a credit for taxes paid in Ireland because the term "state" includes foreign countries.

The Borough and School District counterclaimed for unpaid taxes due since the third quarter of 1981 and cross-motioned for summary judgment, alleging: (1) that the statute of limitations[5] bars O'Reilly's recovery of any taxes overpaid prior to January 5, 1980; and (2) that, in fact, O'Reilly underpaid his tax because he improperly offset losses from businesses or partnerships against earned income.

The common pleas court[6] denied O'Reilly's motion and held that the term "state" refers only to one of the United States, and thus O'Reilly was not entitled to a tax credit. The court then granted the Borough and School District's counterclaim and ordered O'Reilly to pay any unpaid tax due since the third quarter of 1981. Although O'Reilly agreed that he was barred from recovering taxes paid prior to January 5, 1980, the common pleas court was only able to grant a partial summary judgment in favor of the Borough and the School District because it was without the necessary documentary evidence to determine whether O'Reilly was liable for the deductions he took as a result of his personal business losses. The court did note, however,

---

[5] Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. §5566(b).
[6] No. GD 84-4673; Issue No. 125203, dated May 29, 1985.

that under *Aronson v. City of Pittsburgh*, 86 Pa. Commonwealth Ct. 591, 485 A.2d 890 (1985), when determining the net profit tax due under the LTEA, losses in one business may not be used to offset gains in another separate business.

Following discovery and argument on the parties' supplemental cross-motions for summary judgment, however, the common pleas court[7] granted O'Reilly's motion and held that he may deduct business losses from his salaries, wages and other earned income in computing and reporting his total gross earnings subject to local taxation. In denying the Borough and School District's cross-motion for summary judgment, the common pleas court held that their claims for underpaid taxes filed in April 1984 were barred by the statute of limitations. The court reasoned that February 1981, the date O'Reilly filed his return, is the applicable date for tolling the statute because Section 13 of the LTEA[8] requires that a recovery suit be commenced within three years after the tax is due or the return has been filed, whichever is later.

The parties raise the following issues on appeal:

1. Whether the Republic of Ireland is a "state" under the LTEA so that O'Reilly is entitled to credits against his local earned income tax for taxes paid to Ireland.

---

[7] No. GD 84-4673; Issue No. Code: 010 dated May 7, 1986.
[8] 53 P.S. 6913 VII(b), which provides in relevant part:
(b) Any suit brought to recover the tax imposed by the ordinance or resolution shall be begun within three years after such tax is due, or within three years after the declaration or return has been filed, whichever date is later: Provided, however, That this limitation shall not prevent the institution of a suit for the collection of any tax due or determined to be due in the following cases.

2. Whether O'Reilly may deduct business losses from salaries, wages and other compensation in computing total gross earnings subject to local taxation.

3. Whether the taxing authority is barred from assessing taxes beyond the applicable three-year statute of limitations.

On appeal of an entry of summary judgment, an appellate court may reverse the trial court only where there has been an error of law or a clear or manifest abuse of discretion. *Peters Township School Authority v. U.S. Fidelity and Guaranty Co.*, 78 Pa. Commonwealth Ct. 365, 467 A.2d 904 (1983). Summary judgment is properly entered only when the moving party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Kane v. Hilton*, 78 Pa. Commonwealth Ct. 629, 468 A.2d 1160 (1983).

Before we decide the merits of these appeals, we must first address the School District's motion to quash O'Reilly's appeal. The School District argues that O'Reilly's appeal in No. 1750 C.D. 1986 was untimely because it was filed over a year after the common pleas court May 29, 1985 order. For the reasons set forth below, we disagree.

Under Section 762(a)(1) of the Judicial Code, this Court has jurisdiction over appeals from *final orders* of the common pleas courts. 42 Pa. C. S. §762(a)(1). It has been said that a final order ends the litigation or disposes of the entire case, *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974), or has the practical consequence of putting the litigant "out of court," *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). The finality of an order is a "judicial conclusion" that can be reached only after an examination of the order's ramifications. *Id.* In this matter, the practical effect of the common pleas court's 1985

order was to grant partial relief on some issues but to defer ruling on other issues until further discovery was made. The ultimate rights and liabilities of the parties were not adjudicated. The 1986 common. pleas court order adjudicated issues which arose from the nucleus of common facts as the 1985 order. We conclude that the 1985 order was not a final appealable order since it neither ended the litigation nor decided O'Reilly's ultimate liability. We will therefore deny the School District's motion to quash the appeal.

## O'Reilly's Appeal

### No. 1750 C.D. 1986

O'Reilly contends that the term "state" as used in the phrase "[p]ayment of any tax on income to any state other than Pennsylvania," Section 14 of the LTEA, includes the Republic of Ireland and therefore he is entitled to tax credits under the LTEA for taxes paid there. We disagree.

The common pleas court interpreted the term "state" to gather meaning from the phrase "other than Pennsylvania" and therefore concluded that it refers only to one of the United States. We conclude that the common pleas court was correct in recognizing that, had the legislature intended "state" to include a foreign country, it could have added qualifying terms.

For example, the Pennsylvania legislature in the state income tax law included "any foreign country" in its definition of the term "state." Section 301, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7301(t).[9]

---

[9] 72 P.S. §7301(t), which provides:

'**State**' means any state or commonwealth of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States and any foreign country.

No such qualifying terms have been added to the tax credit provisions of the LTEA. Further, the limited availability of tax credits in LTEA demonstrates that the legislature recognized the critical need for every taxpayer residing in a municipality to subsidize the cost of local services and schools.

We hold therefore that the common pleas court did not err in concluding that O'Reilly was *not* entitled to a tax credit under the LTEA for taxes paid to the Republic of Ireland and that his motion for summary judgment was properly denied.

### *Borough and School District's Appeal*

### Nos. 1704 and 1751 C.D. 1986

In their appeal from the 1986 order granting O'Reilly's supplemental summary judgment motion, the Borough and School District contend that it was an error of law to allow O'Reilly's business losses to be deducted against his monies reported as earned income. We disagree.

Section 2 of the LTEA[10] authorizes municipalities to impose a general purpose tax on all earned income *and on* net profits. "Earned income" is defined as "[s]alaries, wages, commissions, bonuses, incentive payments, fees, tips and other compensation received by a person . . . for services rendered. . . ."[11] "Net profits" is defined as "[t]he net income from the operation of a business, profession, or other activity . . . after provision for all costs and expenses incurred in the conduct thereof. . . ."[12]

In *Aronson,* we interpreted Section 13 of the LTEA to impose a net profit tax upon each business or profes-

[10] 53 P.S. §6902.
[11] 53 P.S. §6913.
[12] 53 P.S. §6913.

sion separately. We held that net profits of a business are to be determined with reference only to the gross income and expenses of that business, without mixing the income of one enterprise with the expenses of another. However, our holding in *Aronson* applies to net profit taxes on businesses only.[13] Here, O'Reilly is seeking to have his business losses deducted against his individual *total earned income;*[14] he is not offsetting losses in one business against profits in another separate business.

Although taxing statutes are strictly construed and any reasonable doubt resolved in favor of the taxpayer and against the taxing authority, *Borough of Brookhaven v. Century 21*, 57 Pa. Commonwealth Ct. 211, 425 A.2d 466 (1981), we agree with the common pleas court which interpreted Section 13 of the LTEA in conjunction with the local tax form to provide that since *all* income is being taxed, the income from all sources must be added together in order to ascertain the total earned income amount subject to the tax.[15] We, too, are per-

---

[13] *Aronson*, 86 Pa. Commonwealth Ct. at 598, 485 A.2d at 894:

> Thus, the statutes speak in terms of the imposition of the net profits tax upon each business or professional separately. Clearly, net profits of a business are to be determined with reference only to the gross income and expenses of that business, without mixing the income of one enterprise with the expenses of another.

[14] The common pleas court construed the Borough's use of the term "total earnings" in its tax form to mean *total earned income.* The form does not delineate the sources of the taxpayer's income—whether from earned income or from net profits.

We agree with the common pleas court that the term is used to determine the taxpayer's *total taxable income.*

[15] The common pleas court relied on its previous reasoning in *Commonwealth v. Kelly*, 18 Pa. D. & C. 2d 365 (1959), where it held in figuring business profit, business losses must also be taken into account.

suaded by the inherent fairness of construing the Borough's ordinance to say that a taxpayer's total earnings are comprised of earned income less any business loss.[16] Therefore, we conclude that the 1981 business losses O'Reilly suffered were properly deducted against earned income in computing his local income tax.[17] We note, however, that if the Borough and the School District do not intend such a result, they have the authority to revise the tax form to make it conform more closely to the demarcation of categories defined in the LTEA.

We hold that the common pleas court did not err in denying the Borough and School District's supplemental motion for summary judgment and granting O'Reilly's supplemental summary judgment motion.

Accordingly, the common pleas court orders are affirmed.

### ORDER

The Allegheny County Common Pleas Court orders, No. GD 84-4673 dated May 29, 1985, and No. GD 84-4673 dated May 7, 1986, are affirmed. The motion to quash filed by the Fox Chapel Area School District in No. 1750 C.D. 1986 is denied.

---

[16.] This construction permits wage earners to deduct real economic losses they suffer from business activities in determining their overall income. *Kelly,* 18 Pa. D. & C. 2d at 369:

> It is manifestly unfair to require one who has sustained a substantial loss in the process of attempting to earn income through a business operation to pay a tax on the full amount of the wages he received without considering such business losses, when, if the business had been successful, he would have had to pay a tax on the profits in the business as well as on the wages.

[17] As to the third issue before this Court, we agree with the common pleas court that the statute was tolled in February 1981, the date O'Reilly filed his tax return. Therefore, the Borough and the School District are barred from assessing taxes beyond the applicable three-year statute of limitations.