555 A.2d 1288

Anthony J.F. O'REILLY and Susan O'Reilly,
his wife, Appellees,

v.

FOX CHAPEL AREA SCHOOL DISTRICT and Borough of
Fox Chapel, Appellants.

Anthony J.F. O'REILLY and Susan O'Reilly,
his wife, Appellants,

v.

FOX CHAPEL AREA SCHOOL DISTRICT and Borough of
Fox Chapel, Appellees.

Supreme Court of Pennsylvania.

Argued Sept. 26, 1988.

Decided March 16, 1989.*

* This decision was considered and rendered prior to March 7, 1989.

472

Martin W. Sheerer, Pittsburgh, for Fox Chapel Area School Dist.

Ronald W. Crouch, Buchanan, Ingersoll, P.C., Pittsburgh, for Borough of Fox Chapel.

Arthur H. Stroyd, Jr., Thomas L. Peters, Reed Smith Shaw & McClay, Pittsburgh, Pa., for Anthony and Susan O'Reilly.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

McDERMOTT, Justice.

This matter encompasses consolidated appeals from orders of the Commonwealth Court, 106 Pa.Cmwlth. 516, 527

A.2d 581, which affirmed the order of the Court of Common Pleas of Allegheny County.

The uncontroverted facts are as follows. Anthony J.F. O'Reilly, a citizen of the Republic of Ireland, and his wife Susan O'Reilly, a citizen of Australia, are residents of the Borough of Fox Chapel. They derive income from Pennsylvania and the Republic of Ireland. This income was subject to taxation by the Borough of Fox Chapel and the Fox Chapel Area School District, pursuant to legislation authorized by the Local Tax Enabling Act.[1]

On January 5, 1982, the O'Reilly's filed a claim seeking a refund of $16,437.59 for earned income taxes overpaid for the years 1978, 1979 and 1980. The O'Reilly's claimed they were eligible for a full dollar-for-dollar credit against their tax liability as a consequence of earned income taxes paid in those years to the Republic of Ireland. This claim was based upon the enabling act, which provided for a taxpayer credit for "payment of any tax on income to any State other than Pennsylvania." 53 P.S. § 6914. Their claim was denied on March 26, 1982. On April 21, 1982, the O'Reillys again filed a claim, on the same basis, for $7,978.98 based on earned income taxes paid to Fox Chapel in 1981. This claim was denied on November 2, 1982. The basis of these denials was the taxing authority's position that the tax credit only applied to taxes paid to "states" which were part of the United States.

As a result the O'Reillys instituted suit in the Court of Common Pleas of Allegheny County for a refund of earned income taxes which they claim were overpaid in 1980 and 1981. It was stipulated by the O'Reillys that they were barred by the applicable statute of limitation from recovering any taxes paid before January 5, 1980.

Subsequently, the Borough of Fox Chapel and the Fox Chapel Area School District counterclaimed for unpaid taxes due since the third quarter of 1981, alleging that the O'Reillys had improperly offset business losses against earned income in calculating their local tax. Their business

1. Act of December 31, 1965, P.L. 1257, No. 511, § 6914 et seq.

losses were from a foreign partnership. The losses amounted to $74,364 in 1981, and $164,372 in 1982, and were deducted by the O'Reillys against salaries, director's fees and other compensation in the computation of the earned income taxes.

By order and opinion dated May 29, 1985, the Court of Common Pleas of Allegheny County denied the O'Reilly's refund claim, and held that foreign tax credits were not permitted under Section 14 of the Act, 53 P.S. § 6914. In a later opinion and order, dated May 7, 1986, the Court of Common Pleas of Allegheny County denied the counterclaim for additional taxes, holding that taxpayers may deduct business losses from earned income in computing their local tax. Cross appeals to the Commonwealth Court were filed, and that court affirmed both lower court orders on June 10, 1987. A petition for reargument was filed by the taxing authorities with the Commonwealth Court, which was denied. Cross-petitions for allowance of appeal were filed with this Court, and allocatur was granted.

Three issues are raised in this appeal, two by the O'Reillys and one by the taxing authorities (i.e. the Borough of Fox Chapel and Fox Chapel Area School District).

### No. 23 W.D. Appeal Docket 1988

We will first address the issues presented by the taxpayers, which are: whether Pennsylvania residents are entitled to a credit against their local wage tax for earned income taxes paid to another country; and whether, assuming the existence of such a credit, the credit should be a dollar-for-dollar credit against local wage tax for taxes paid on income earned outside Pennsylvania.

Our discussion of the first issue must begin with the operative language contained in the statute. Section 6914 of the Tax Credit Provisions of Act 511, entitled "Payment of Tax to Other Political Subdivisions or States as Credit or Reduction, provides:

> Payment of any tax on income to any State other than Pennsylvania or to any political subdivision located out-

side the boundaries of this Commonwealth, by residents of a political subdivision located in Pennsylvania shall, to the extent that such income includes salaries, wages, commissions, or other compensation or net profits of businesses, professions or other activities but in such proportions as hereinafter set forth, be credited to and allowed as a deduction from the liability of such person for any other tax on salaries, wages, commissions, other compensation or net profits of businesses, professions or other activities imposed by any political subdivision of this Commonwealth under the authority of this act.

53 P.S. § 6914. The term "State" is not defined in the Act, and we are therefore required to construe it.[2] In such a situation reference to the Statutory Construction Act[3] is dictated. That Act provides, *inter alia*, that the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly, 1 Pa.C.S. 1921(a).

■ In ascertaining legislative intent the Statutory Construction Act provides us with certain presumptions of when statutes shall be liberally construed and when statutes shall be strictly construed. One of those rules is that statutory provisions exempting persons and property from taxation shall be strictly construed, 1 Pa.C.S. § 1928(b)(5). Thus, where as here a tax statute provides for an exemption of taxation on a certain portion of property, that exemption should be limited to the terms stated, and any ambiguity should be resolved against an expansion of the exemption.

For purposes of this appeal we consider the statutory "credit" to be equivalent to an exemption and therefore find

**2.** We note that the term "State" is contained in the definition section of the Statutory Construction Act, and is defined as follows:

"[W]hen used in reference to the different parts of the United States, includes the District of Columbia and the several territories of the United States."

Pa.C.S. § 1991. However the assumed predicate of this definition is the very issue of this case, and therefore the definition is of no value here.

**3.** Act of December 6, 1972, P.L. 1339, No. 290 § 3, 1 Pa.C.S. 1501, *et seq.*

that section 1928(b)(5) is applicable. With this in mind we turn our attention to the statute.

■■■ Both lower courts deemed it significant that in drafting this statute the General Assembly found it necessary to modify the phrase "any State" with the phrase "other than Pennsylvania". It is another rule of statutory construction that the legislature is presumed to attach importance to every word. *Commonwealth v. Lobiondo*, 501 Pa. 599, 603, 462 A.2d 662, 664 (1983). *See* 1 Pa.C.S. 1921(a). Consequently, we must presume that the latter phrase was not mere surplusage. If, however, as the O'Reillys contend, the word "State" was to be given a broad generic interpretation the inclusion of the phrase "other than Pennsylvania" would have been wholly unnecessary. Therefore, we are constrained to find that the legislature had some reason for phrasing section 6914 in the manner in which it did. The most logical reason is that the legislature intended the phrase to distinguish Pennsylvania from other "states" of the same general type, specifically other "states" of the whole of which Pennsylvania is a part, to wit: the United States of America.

Accordingly, we note, as did the courts below, that when the General Assembly wished to include a credit for taxes paid to foreign jurisdictions they did so explicitly; for in enacting the State Income Tax law [4] the legislature included "any foreign country" in its definition of the term "State". 72 P.S. § 7301(t).

Therefore, we agree with the lower courts that in enacting section 6914 it was the intention of the General Assembly to limit the application of the credit to taxes paid to other "States" of these United States; for absent clear words evincing a manifest intent we can not presume that the General Assembly determines policies or their consequences based on the laws of nations or states beyond the borders of the United States.

4. Act of March 4, 1971, P.L. 6 § 301 et seq.

As a result of our conclusion on the first issue we need not address the merits of the O'Reilly's second issue.

## No. 22 W.D. Appeal Dkt. 1988

■ The Borough of Fox Chapel and the Fox Chapel Area School District in their cross appeal raise one issue: whether a taxpayer's losses in business may be deducted from other earned income in computing the local earned income tax.

Both the School District's tax resolution and the Borough tax ordinance impose a tax for general revenue purposes on the following:

(1) Salaries, wages, commissions and other compensations earned by residents

(2) Net profits earned from business, professions and other activities conducted by residents

The authorities are empowered to tax such resources by virtue of section 13 II of the L.T.E.A., 53 P.S. § 6913 II, which provides that "[t]he tax level under this act shall be applicable to earned income received and to net profits earned in the [current year]." *Id.*

It is the taxing authorities' position that a taxpayer's business losses must be restricted to the computation of net profits under the second category, and may not be used to calculate the taxpayer's total income. Thus, according to their position a taxpayer has a business which runs at a deficit he may not use that deficit as an offset against income he may have from another source in calculating his earned income tax liability.

To spell out the authorities' argument is almost to fashion the argument as to why it should be rejected: quite simply, a tax which seeks to tax earned income but disallows a factor which adversely affects earned income cannot be permitted to stand absent explicit legislative authority.[5]

---

**5.** Such enabling legislation might itself be open to challenge, but we need not decide that issue here.

To borrow an example from another court which previously considered this issue,[6] let us suppose that a taxpayer receives $1,000.00 in wages in a taxable year, but in the operation of his business in that same year he sustains a loss of $100,000.00. It cannot be seriously contended that that individual had earned income for the tax purpose of a $1,000.00.

Consequently, we must agree with the statement of the Honorable Leo H. McKay who, in deciding the above referenced case, stated:

"It [would be] manifestly unfair to require one who has sustained a substantial loss in the process of attempting to earn income through a business operation to pay a tax on the full amount of the wages he received without considering such business losses, when, if the business had been successful, he would have had to pay a tax on the profit in the business as well as on the wages. The purpose of law is justice, and the business of the courts is to dispense justice. We would be reluctant to make a decision which, in every applicable case, would impose an unjust result unless our duty to do so were clear.

*Commonwealth v. Kelly*, 18 Pa.D. & C.2d 365, 369 (Mercer Cty.1959).[7]

6. *See Commonwealth v. Kelly*, 18 Pa.D. & C.2d 365 (Mercer County 1959).

7. We note that the taxing authorities argue that the Commonwealth Court's decision in this case is inconsistent with a prior decision of that court, specifically *Aronson v. City of Pittsburgh*, 86 Pa.Cmwlth. 591, 485 A.2d 890 (1985). We detect no inconsistency.

In *Aronson* the question before the Court was whether for purposes of computing a *net profit tax* the losses from one business could be offset against the profits of another. In that case net profit tax was defined as "the net gain from the operation of a business, profession or enterprise, after provision for all costs and expenses incurred in the conduct thereof, either paid or accrued in accordance with the accounting system used in such business, professional enterprise, but without deduction of taxes based on income." Based on that definition the Court held that losses from one business were not attributable to another. The court's rationale was that the net profit was being imposed on the business entity itself, and such entities were distinct and not capable of being merged.

However, the tax at issue here is an *earned income tax* imposed on individuals and is calculated on the earnings from all sources. The

Accordingly, for the above cited reasons the orders of the Commonwealth Court are affirmed.

Commonwealth Court appreciated this distinction, and properly held that *Aronson* did not apply.

* This decision was considered and rendered prior to March 7, 1989.