510 A.2d 871

Mark B. Aronson, Appellant *v.* The City of Pittsburgh, Appellee.

Argued March 11, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Bruce S. Gelman,* for appellant.

*Ronald H. Pferdehirt,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, June 5, 1986:

Mark B. Aronson (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County which denied Appellant's motion for certification of his action against the City of Pittsburgh (City) as a class action and ordered that the action shall continue as an individual action.[1] We affirm.

Our review of the record reveals the following. On January 3, 1985, this Court in *Aronson v. City of Pittsburgh,* 86 Pa. Commonwealth Ct. 591, 485 A.2d 890 (1985) affirmed an order of the Common Pleas Court filed on January 26, 1983 which vacated and set aside the assessment of Business Privilege Tax by the City against Appellant for the year 1980 on fees Appellant received as a director of various corporations. We affirmed on the basis that "receipt of compensation for services as a corporate director does not constitute a business as defined in the business privilege tax ordinance." *Aronson* at 600, 485 A.2d at 895.

On January 28, 1983, previous to our affirmance and two days after the Common Pleas Court set aside the assessment, Appellant filed a class action complaint in assumpsit seeking to recover the business privilege tax paid to the City for the year 1980 on director's fees. He brought the suit on behalf of himself and all others similarly situated. The Common Pleas Court on March 21, 1983 entered an order staying all proceedings con-

---

[1] The City argued in its brief that the Common Pleas Court's order was interlocutory. It abandoned this argument, however, at oral argument.

cerning the class action suit until the appeal of its order setting aside the assessment had been decided. On January 23, 1985, the stay order was vacated. After an amended complaint was filed and a certification hearing was held,[2] the Common Pleas Court on May 10, 1985 entered the order which is the subject of this appeal.

Where, such as here, a class certification is sought pursuant to Pa. R.C.P. Nos. 1702, 1708 and 1709, the trial court's order granting or denying class certification will not be disturbed on appeal unless the Court neglected to consider the requirements of the rules or abused its discretion in applying them. *D'Amelio v. Blue Cross of Lehigh Valley*, 347 Pa. Superior Ct. 441, 500 A.2d 1137 (1985).

The mechanism by which a taxpayer such as Appellant, who has paid a local occupation tax later found to be void, may secure a refund is set forth at 72 P.S. §5566b and 72 P.S. §5566c.[3] The relevant portion of 72 P.S. §5566b reads as follows:

> Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees, penalties, fines or

___

[2] Our review of this case was hampered somewhat in that the record does not include a transcript of the certification hearing. Such a hearing is mandatory before a Court may make a decision as to whether a class should be certified. Pa. R.C.P. No. 1707(a). At such a hearing a court is to "consider all relevant testimony, depositions, admissions and other evidence." Pa. R.C.P. No. 1707(c). It would seem, then, that in most cases a transcript of the hearing would be necessary in order for this Court to adequately perform its review function. In the instant case, however, a transcript is not necessary because we decide this case on a purely legal issue.

[3] Sections 1 and 2 of the Act of May 21, 1943, P.L. 349, *as amended*.

any other moneys to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and certified claim for the refund of the payment, are hereby directed to make, out of budget appropriations of public funds, refund of such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made unless a written claim therefor is filed, with the political subdivision involved, within two years of payment thereof.

72 P.S. §5566c reads as follows:

In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, subject to the limitation herein provided, by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located.

It is not clear from the record whether all of the members of the putative class have filed for refunds pursuant to 72 P.S. §5566b. As for those who have not filed, it is clear that they may not be members of the class. At common law a voluntary payment of taxes, erroneously made, could not, in the absence of a statute, be recovered. *Royal McBee Corporation Tax Case*, 393 Pa. 477, 143 A.2d 393 (1958). Therefore, in order to be entitled to a refund from the City of busi-

ness privilege tax a taxpayer must request it pursuant to 72 P.S. §5566b. Further, where the Legislature has provided a specific statutory remedy, a class action may not be used to provide a different remedy. *In re Estate of Freedman,* 307 Pa. Superior Ct. 413, 453 A.2d 651 (1982). If taxpayers who have not requested a refund were allowed to be members of the class, we would be providing a remedy to them different from the one the Legislature has provided by statute.

Appellant has alleged, and the City has admitted, that he has requested a refund. It is not clear from the record if there are others who have done so. In any event, we hold that Appellant and any other individual who may have requested a refund also cannot be members of the putative class. 72 P.S. §5566c provides that if a political subdivision refuses to make a refund,[4] "then the *aggrieved person* . . . shall have the right to bring suit. . . ." (Emphasis added.) Our Supreme Court noted in *Land Holding Corporation v. Board of Finance and Revenue,* 388 Pa. 61, 65, 130 A.2d 700, 703 (1957) that

> [t]he right to sue the Commonwealth for the recovery of money or taxes alleged to have been erroneously paid to it exists only by the grace of the Legislature. Article I, Section 11 of the Constitution of Pennsylvania provides: '. . . Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.'

Municipal corporations are agents of the Commonwealth and a part of its sovereignty. *Gagliardi v. Ambridge Borough,* 401 Pa. 141, 163 A.2d 418 (1960);

---

[4] There is nothing on the record to indicate that the City has refused to make a refund to any party who has requested one under the provisions of 72 P.S. §5566b. Presumably, Appellant has not yet received his refund because of the pendency of the instant action.

*Forney v. State Ethics Commission,* 56 Pa. Commonwealth Ct. 539, 425 A.2d 66 (1981). "Where a State through its Legislature consents to be sued, the modes, terms and conditions of the statute conferring such privilege and authorizing refunds must be strictly construed and followed." *Land Holding Corporation* at 65, 130 A.2d at 703.

The statute is clear that the Legislature has seen fit to give only the individual aggrieved the right to sue for a refund. The right is personal and may not be transferred to another by way of a class action.

This construction of 72 P.S. §5566c is in accord with our Supreme Court's opinion in *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976). In *Lilian* the Supreme Court held that where taxpayers had an administrative remedy available to obtain rebates on sales tax they paid on new cars which included sales tax on a repealed federal excise tax, a class action could not be maintained because the statutory remedy was adequate. In the case *sub judice* we are also dealing with a remedy carefully provided for by statute.

We conclude that a class action cannot be maintained on behalf of either those who have requested a refund or those who have not done so. The order of the Common Pleas Court must be affirmed.

### ORDER

The order of the Court of Common Pleas of Allegheny County dated May 10, 1985 in No. GD83-01420, which denied Appellant's Motion for Certification of his action as a class action and ordered that the action shall continue as an individual action, is hereby affirmed.