John Q. STRANAHAN and James A. Stranahan, III, Appellants,

v.

The COUNTY OF MERCER, a political subdivision.

Commonwealth Court of Pennsylvania.

Argued June 2, 1997.

Decided July 7, 1997.

Jack W. Cline, Mercer, for appellants.

Donald R. McKay, Hermitage, for appellee.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before us in this appeal is whether the Court of Common Pleas of Mercer County (trial court) properly determined that a class action is not the proper means of securing individual tax refunds and that statutory refund procedures [1] must be followed.

John and James Stranahan (the Stranahans) appeal from the order of the trial court that sustained the preliminary objections of the County of Mercer (County) and dismissed the Stranahans' complaint. We affirm.

On May 2, 1996, the Stranahans filed a class action in equity on behalf of themselves and all other similarly situated taxpayers of Mercer County. This class action challenged the constitutionality of the four mill personal

1. *See* Sections 1 and 2 of the Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. §§ 5566b and 5566c.

property tax assessed by Mercer County on specified categories of personal property pursuant to the Act of June 17, 1913, P.L. 507, *as amended,* 72 P.S. §§ 4821–4902, commonly known as the County Personal Property Tax Act (Act).[2] Specifically, the Stranahans requested a declaration that the personal property tax violates the Commerce Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 3, because it unlawfully discriminates against corporations not located in or doing business in Pennsylvania.[3] The Stranahans' claim relies solely on the decision of the United States Supreme Court in *Fulton Corp. v. Faulkner,* —— U.S. ——, 116 S.Ct. 848, 133 L.Ed.2d 796 (1996), where an allegedly similar personal property tax in North Carolina was declared unconstitutional. In addition, the Stranahans sought an injunction against the imposition, levy and collection of the tax and a refund of the taxes already paid for the years 1989 through 1995, along with interest and attorney's fees.

▆▆▆ The class action was initially filed against the county commissioners and the county treasurer as representatives of Mercer County. Preliminary objections were filed and the Stranahans were forced to amend their complaint to name the County as the proper party defendant pursuant to Pa.R.C.P. No. 2102(b). The County again filed preliminary objections in the nature of a motion to strike and a demurrer to the

amended complaint. After hearing argument on the preliminary objections, the trial court sustained the County's preliminary objections, struck the complaint and dismissed the action.[4] In a memorandum opinion, the trial court concluded that a class action complaint cannot be used to secure individual tax refunds under *Smolow v. Commonwealth,* 131 Pa.Cmwlth. 276, 570 A.2d 112 (1990) and *Aronson v. City of Pittsburgh,* 98 Pa.Cmwlth. 1, 510 A.2d 871 (1986) and that Sections 1 and 2 of the applicable tax refund statute, 72 P.S. §§ 5566b and 5566c, must be followed. The trial court also ruled that the class action was "procedurally flawed." No further reasoning was set forth in support of the trial court's decision. The class action was dismissed without a certification hearing. The Stranahans appealed.[5]

The Stranahans argue that their class action should not have been dismissed without holding a class certification hearing as required by Pa.R.C.P. No. 1707. Moreover, they contend that it is improper to dismiss a properly pleaded class action on preliminary objections because a plaintiff cannot even move for class certification until an answer is filed and the pleadings are closed.

County argues that the Stranahans' procedural arguments are irrelevant to the substantive issue of whether Pennsylvania law permits a class action to recover individual

2. Section 1 of the Act, 72 P.S. § 4821, provides in pertinent part:

> All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident ... is hereby made taxable annually for county purposes ... at a rate not to exceed four mills of each dollar of the value thereof ... that is to say ... all shares of stock in any ... corporation ... created or formed under the laws of this Commonwealth or of the United States, or of any other state or government, except shares of stock in any ... corporation ... liable to or relieved from the capital stock or franchise tax for State purposes under the laws of this Commonwealth....

Section 1.1, added by Section 1 of the Act of April 18, 1978, P.L. 56, 72 P.S. § 4821.1, provides that "the county commissioners of each county ... shall have the power to determine whether or not to impose and collect the taxes permitted under the provisions of this law." Mercer County is one of a number of counties in Pennsylvania where the county commissioners

have chosen to impose the personal property tax under the Act.

3. The Stranahans and other members of the alleged "class" hold stocks and/or bonds in such corporations and they pay personal property taxes on these holdings to the County.

4. After a hearing, the trial court also dismissed a separate petition for a preliminary injunction filed by the Stranahans.

5. Our scope of review of a challenge to the sustaining of preliminary objections in the nature of a demurrer is to determine whether on the facts alleged, the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270, 271 n. 3 (1993) (citation omitted). We must accept as true all well pled allegations and material facts averred in the complaint, as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

tax refunds. We agree. Although the Stranahans are correct in their reading of the procedural rules on class actions, their arguments are unavailing if Pennsylvania law bars their class action in this instance. We made similar observations in *Aronson* where a class action certification hearing was held but no transcript was available for our review. We determined that a transcript of the certification hearing was unnecessary because the issue of whether a class action could be maintained to secure individual refunds was a purely legal issue. *Aronson,* 510 A.2d at 872 n. 2. We also noted in *Smolow* that the underlying substantive cause of action must first be examined when considering whether there is authority to employ the procedural device of a class action certification hearing. *Smolow,* 570 A.2d at 120. Without a substantive cause of action, the Stranahans' procedural objections are irrelevant. Thus, we are faced with the purely legal issue of whether a class action is permitted to secure individual refunds.

In *Aronson v. City of Pittsburgh,* 86 Pa. Cmwlth. 591, 485 A.2d 890 (1985) (*Aronson I* ), this Court affirmed an order of the common pleas court which vacated and set aside an assessment of the Business Privilege Tax of the City of Pittsburgh against Aronson for fees he received as a director of various corporations. We determined that the tax at issue could not be applied to corporate directors because such positions were not a "business" under the applicable ordinance. *Aronson I,* 485 A.2d at 895. Prior to our affirmance but after the common pleas court set aside the assessment, Aronson filed a separate class action complaint in assumpsit seeking a refund of the business privilege taxes paid to the City for the year 1980. The suit was filed on behalf of himself and all other similarly situated individuals. After a certification hearing was held, the common pleas court denied certification and Aronson appealed.

In *Aronson v. City of Pittsburgh,* 98 Pa. Cmwlth. 1, 510 A.2d 871 (1986) (*Aronson II* ), we held that a class action may not be used to obtain a refund of taxes where the legislature has already provided the aggrieved individual with a specific statutory remedy. In

so holding we noted that "[a]t common law a voluntary payment of taxes, erroneously made, could not, in the absence of a statute, be recovered." *Id.,* 510 A.2d at 873. We stated that the right to recover erroneously paid taxes "exists only by the grace of the Legislature." *Id.* We also stated that where the legislature has seen fit to give only the aggrieved individual the right to sue for a refund, the "modes, terms and conditions of the [refund] statute ... must be strictly construed and followed." *Id.* (citations omitted). Therefore, we determined in *Aronson II* that a taxpayer must first request a refund pursuant to Section 1 of the Act of May 21, 1943, 72 P.S. § 5566b, in order to be entitled to a refund. Section 1 provides that:

> (a) Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort ... to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make ... refund of such taxes ... to which the political subdivision is not legally entitled. Refunds of said monies shall not be made, *unless* a written claim therefor is filed, with the political subdivision involved, within three years of payment thereof.

72 P.S. § 5566b(a)(emphasis added).

In the event that a taxpayer's request for a refund is denied, we noted that Section 2 of the Act of May 21, 1943, 72 P.S. § 5566c, provides only the individual taxpayer with the right to sue in assumpsit to recover the taxes paid. Section 2 provides as follows:

> In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes ... to which the political subdivision is not legally entitled ... then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes ... to which the political subdivision is not legally entitled ... by instituting an action in assumpsit in the court of

common pleas of the county wherein such political subdivision is located.

72 P.S. § 5566c. In reviewing Sections 1 and 2 of the Act of May 21, 1943, we held that a class action may not be used to provide taxpayers with a remedy other than the one provided in the statute. *Aronson II,* 510 A.2d at 873.

In *Aronson II,* we also noted that our construction of the Act of May 21, 1943, was consistent with the Pennsylvania Supreme Court's holding in *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976). The Lilians sought to obtain a refund of sales tax they paid on the purchase of a new vehicle. The sales tax was based on the purchase price of a new vehicle and a federal excise tax. The federal excise tax was later repealed retroactively by Congress. The Lilians filed a complaint in equity in our original jurisdiction seeking class action certification on behalf of themselves and all other persons similarly situated. We sustained preliminary objections as to the unavailability of equitable relief. The Supreme Court affirmed and held that a class action could not be maintained where taxpayers had an adequate statutory remedy available to them.

After *Aronson II,* we again held that a class action could not be utilized to obtain individual tax refunds where a statutory refund procedure was available to the individual taxpayer. *Smolow,* 570 A.2d at 122. The taxpayer in *Smolow* moved for class certification on behalf of herself and all other persons who had overpaid Pennsylvania sales tax on the purchase of new vehicles to the extent that the sales tax paid included a manufacturer's rebate. Although the Commonwealth offered an individual refund to Smolow, she refused the refund and insisted on pursuing a class action. We stated that class certification will not be permitted where only an individual cause of action exists. Again, we directed the taxpayer to Sections 1 and 2 of the Act of May 21, 1943, 72 P.S. §§ 5566b and 5566c. We concluded that Smolow and the putative class "possess, as to the substantive cause of action, only individual rights, a limitation which may be remedied only by the legislature." *Id.* (citation omitted).

■ Based on *Lilian, Aronson II,* and *Smolow,* it is clear that Pennsylvania law does not permit class actions to be utilized to obtain individual tax refunds where a specific statutory remedy is available.[6] Thus, the trial court acted properly in sustaining the County's demurrer and in dismissing the Stranahans' class action suit.

However, the Stranahans argue that they are not required to exhaust their statutory remedies before filing their action because they are challenging the constitutionality of the county personal property tax as a whole. The Stranahans rely on *Ohio Casualty Group v. Argonaut Insurance Co.,* 514 Pa. 430, 525 A.2d 1195 (1987), in arguing that the exhaustion of remedies rule should only be applied where the available administrative remedies are adequate with respect to the relief requested. We find that the Stranahans' argument is an attempt to cloud the fact that they simply failed to comply with the procedural requirements of the refund statute, 72 P.S. §§ 5566b and 5566c. We simply hold that the Stranahans failed to follow the proper statutory procedures set forth by our legislature for individuals to obtain tax refunds.

The Stranahans also argue that a class action is proper in this case because they are not merely seeking to secure refunds as the taxpayers were in *Aronson II* and *Smolow.* Instead, the Stranahans claim that they are first seeking declaratory relief that the tax

---

**6.** Although the position adhered to in *Smolow* is the law in Pennsylvania, we note that *Smolow* was at one time effectively discredited by the Pennsylvania Supreme Court's decision in *Murtagh v. County of Berks,* 535 Pa. 50, 634 A.2d 179 (1993), *cert. denied,* 511 U.S. 1017, 114 S.Ct. 1397, 128 L.Ed.2d 71 (1994). In *Murtagh,* our Supreme Court held that taxpayers did not need to exhaust state administrative remedies in order to maintain their class action under Section 1983, 42 U.S.C. § 1983, challenging the constitu-

tionality of the county's tax assessment procedure. However, in *National Private Truck Council v. Oklahoma Tax Commission,* 515 U.S. 582, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), the United States Supreme Court issued a decision contrary to the holding in *Murtagh.* Subsequently, in *Garrett Group v. County of Schuylkill,* 667 A.2d 255 (Pa.Cmwlth.1995), *appeal denied,* 547 Pa. 759, 692 A.2d 568 (1997), a panel of this Court disapproved *Murtagh.*

imposed is unconstitutional and the requested refunds are only a part of the relief requested. Thus, the Stranahans claim that *Aronson II* and *Smolow* do not apply to their case because this is a challenge to the constitutionality of the personal property tax rather than a mere refund request. County contends that if this is purely a constitutional challenge, then the Stranahans' appeal is moot because the Pennsylvania Supreme Court has taken plenary jurisdiction to determine the issue of the constitutionality of the personal property tax.[7] County also argues that even if the Supreme Court finds that the personal property tax at issue is unconstitutional by reason of *Fulton*, the refund procedure set forth in Sections 1 and 2 of the Act of May 21, 1943, 72 P.S. §§ 5566b and 5566c, must prevail. We agree.

 If the Act is declared unconstitutional, then counties with the personal property tax will likely face the retroactive application of such a decision in the form of refund claims. In the instant appeal, the basic issue is whether the possible refund claims can all be asserted in one class action. *Aronson II* and *Smolow* clearly answer that class actions cannot be used to obtain such individual refunds. The right to obtain a refund belongs only to the aggrieved individual. The legislature has provided statutory procedures for a taxpayer to obtain a refund of erroneously paid taxes. 72 P.S. §§ 5566b and 5566c. We must narrowly construe these statutory procedures and require the aggrieved individual to file for a refund before bringing an action in assumpsit. If the requested refund is refused, then the individual may file an action in assumpsit to recover the refund. The statutory right to an action in assumpsit belongs solely to the aggrieved individual and that right may not be trans-ferred to others via a class action. *Smolow,* 570 A.2d at 122. In this case, the Stranahans never made a proper request for a refund as required by Section 1 of the Act of May 21, 1943, 72 P.S. § 5566b. Thus, they were not even entitled to file individual actions in equity.[8]

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 7th day of July, 1997, the order of the Court of Common Pleas of Mercer County in the above-captioned matter is hereby affirmed.

LEADBETTER, J., did not participate in the decision in this case.

---

7. In *Annenberg v. Commonwealth,* 686 A.2d 1380 (Pa.Cmwlth.1996), an *en banc* panel of this Court transferred a case filed in our original jurisdiction to the Court of Common Pleas of Montgomery County sitting in equity with instructions to provide expedited consideration of Annenberg's challenge to the validity of the county personal property tax. Annenberg appealed to the Pennsylvania Supreme Court. By order dated January 31, 1997, the Supreme Court exercised plenary jurisdiction pursuant to 42 Pa.C.S. § 726 over the issue of the constitutionality of the County Personal Property Tax Act, 72 P.S. §§ 4821—4902. *See Annenberg v. Commonwealth,* —— Pa. ——, —— A.2d ——, Nos. 3 and 4 M.D. Misc. Dkt.1997.

8. We note that the trial court also dismissed the complaint because it was "procedurally flawed." However, we cannot adequately review the trial court's decision in this regard because no reasoning was set forth in support of its conclusion. Nonetheless, we affirm the trial court's opinion based on our analysis of the other issues.