**Ronald H. ISRAELIT and Joan R. Israelit and Aaron Rappeport, on behalf of themselves and all others similarly situated, Appellants,**

**v.**

**MONTGOMERY COUNTY, Montgomery County Board Of Assessment Appeals, and Montgomery County Board Of Commissioners.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 1997.

Decided Dec. 8, 1997.

Merrill G. Davidoff, Philadelphia, for appellants.

Steven H. Lupin, Lansdale, for appellees.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Ronald H. Israelit, Joan R. Israelit and Aaron Rappeport, on behalf of themselves and all others similarly situated (collectively, Taxpayers), appeal from the order of the Montgomery County Court of Common Pleas that sustained the preliminary objections of Montgomery County, the County's Board of Assessment Appeals and its Board of Commissioners (collectively, County) and dismissed the Taxpayers' complaint. Taxpayers contend that the trial court erred by dismissing their action and requiring them to pursue administrative remedies and by concluding that their request for tax refunds cannot be resolved in the context of a class action.

## I

Taxpayers are all residents of Montgomery County who have been subject to the County's personal property tax (Tax) imposed pursuant to the Act of June 17, 1913, P.L. 507 *as amended,* 72 P.S. §§ 4821—4902, commonly known as the County Personal Property Tax Law (Law). Under Section 1 of the Law:

> All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident...is hereby made taxable annually for county purposes...at a rate not to exceed four mills of each dollar of the value thereof, and no failure to assess or return the same shall discharge such owner or holder thereof, from liability therefor, that is to say...all shares of stock in any bank, corporation, association, company, or limited partnership, created or formed under the laws of this Commonwealth or of the United States, or of any other state or government, except shares of stock in any bank, bank and trust company, national banking association, savings institution, corporation, or limited partnership...liable to or

relieved from the capital stock or franchise tax for State purposes under the laws of this Commonwealth....

72 P.S. § 4821. Section 1.1, added by Section 1 of the Act of April 18, 1978, P.L. 56, 72 P.S. § 4821.1, provides that "the county commissioners of each county...shall have the power to determine whether or not to impose and collect the taxes permitted under the provisions of this law."

Taxpayers filed a class action complaint in equity against the County after the United States Supreme Court announced its decision in *Fulton Corp. v. Faulkner,* 516 U.S. 325, 116 S.Ct. 848, 133 L.Ed.2d 796 (1996). The Court held in *Fulton Corp.* that an allegedly similar North Carolina tax violated the Commerce Clause of the United States Constitution. Taxpayers' complaint seeks: (1) a declaration that the Law violates the Pennsylvania and United States Constitutions; (2) an injunction against the County's collection of the Tax; and (3) refunds of payments made to the County under the Tax.

The County filed preliminary objections in the nature of a demurrer to the complaint, arguing, *inter alia,* that Taxpayers could not pursue their claims in equity because an adequate statutory remedy existed. The trial court sustained the preliminary objections and dismissed Taxpayers' complaint in its entirety. Specifically, the court concluded that Taxpayers had failed to exhaust the statutorily prescribed procedure of filing for a refund with the Board of Assessment Appeals and that a class action may not be maintained for a tax refund request. This appeal followed.[1]

## II

The Court first turns to Taxpayers' contention that the trial court erroneously determined that it could not hear Taxpayers' constitutional challenge to the Law because

1. When reviewing an order sustaining preliminary objections, this Court must determine whether, on the facts averred, it is certain that no recovery is possible under the law. *O'Brien v. Township of Ralpho,* 166 Pa.Cmwlth. 337, 646 A.2d 663, *appeal denied,* 544 Pa. 639, 675 A.2d 1254 (1996). The Court must accept as true all well-pleaded factual allegations in the complaint as well as all reasonable inferences deducible from those allegations. *Id.* The trial court's order will be reversed on appeal only if there has been an error of law or an abuse of discretion. *Id.*

Taxpayers failed to exhaust statutory remedies. A party seeking to invoke a court's equity jurisdiction must demonstrate that available remedies at law do not adequately allow the adjudication of the claims asserted. *City of Harrisburg v. School District of the City of Harrisburg*, 675 A.2d 758 (Pa. Cmwlth.), *appeal granted*, 546 Pa. 669, 685 A.2d 548 (1996); *Borough of Kennett Square v. Lal*, 165 Pa.Cmwlth. 573, 645 A.2d 474, *appeal denied*, 540 Pa. 613, 656 A.2d 119 (1994).

■ Under Section 1 of the Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. § 5566b, when a taxpayer has paid taxes to a political subdivision that is not entitled to the funds, the governmental authorities, upon proper filing by the taxpayer, are directed to make a refund. If the authorities refuse to refund the tax payments, the taxpayer may file an action in assumpsit against the political subdivision to compel a refund. Section 2 of the Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. § 5566c. Here, such authorities constitute the Board of Assessment Appeals.

This Court's decision in *Annenberg v. Commonwealth*, 686 A.2d 1380 (Pa.Cmwlth. 1996), is dispositive on this issue. The Court reasoned that where the constitutionality of the County Personal Property Tax Law is challenged, a refund action filed with a county's board of assessment appeals does not allow for the adjudication of the constitutional issue, as the board lacks the "capacity to decide such a question." *Id.* at 1383. Accordingly, the Court concluded that the statutory remedy of filing for a refund with the Board of Assessment Appeals is inadequate when constitutional issues are presented. Original equity jurisdiction therefore properly vested in the court of common pleas.

Under this Court's *Annenberg* decision, the statutory refund procedure cannot adequately resolve Taxpayers' constitutionally based claims for declaratory and injunctive relief. Thus the Court holds that Taxpayers were not required to exhaust statutory remedies before pursuing their constitutional claims in the court of common pleas.

The Supreme Court exercised plenary jurisdiction in *Annenberg* by unpublished order dated January 31, 1997 and limited its consideration in that case to the issue of the constitutionality of the Law; appeals of this Court's decision in *Annenberg* have been discontinued. The County asserts that the Supreme Court's exercise of plenary jurisdiction in *Annenberg* divests any other court of jurisdiction over the issue of the constitutionality of the Law. The County cites no legal authority to support this proposition, and this Court is aware of none. The Supreme Court's exercise of plenary jurisdiction to decide the issue of the constitutionality of the Law has no effect on this Court's holding in *Annenberg* that the trial court has jurisdiction over the Taxpayers' constitutional claims. The trial court's order on this issue must therefore be reversed and the case be remanded.[2]

However, the Court is mindful of the Supreme Court's expected decision on the constitutionality of the Tax and of the disruption that would result from a determination by a trial court on this matter before the Supreme Court decides the issue. The interests of justice and judicial economy would not be served by such an occurrence. To further these interests, the trial court is directed upon remand to enter an order pursuant to its inherent powers staying this case pending the Supreme Court's expected adjudication in *Annenberg*.[3]

---

2. The County also argues that Taxpayers' claim for injunctive relief is moot because the County has suspended collection of the tax during the pendency of this litigation. Although the trial court so stated in its decision, nothing in the record supports this factual assertion; the trial court's opinion is not an independent source of facts. *Commonwealth v. Ingber*, 516 Pa. 2, 531 A.2d 1101 (1987); 2 G. Ronald Darlington, et al., *Pennsylvania Appellate Practice* § 1921:12 (2d ed.1996). Accordingly, the Court rejects this argument.

3. Trial courts have the inherent power to stay proceedings in a case pending the outcome of another case, where the latter's result might resolve or render moot the stayed case. *Gwynedd Properties, Inc. v. Board of Supervisors of Lower Gwynedd Township*, 160 Pa.Cmwlth. 599, 635 A.2d 714 (1993), *appeal denied*, 538 Pa. 628, 646 A.2d 1182 (1994); *see also* Section 323 of the Judicial Code, 42 Pa.C.S. § 323 (Pennsylvania courts have the power to enter "orders of court as the interest of justice or the business of the court may require").

### III

Taxpayers also contend that the trial court erred by concluding that their claims may not be resolved through a class action. This Court recently held that tax refunds sought in the context of a challenge to the constitutionality of the Law cannot be recovered through a class action. *Stranahan v. County of Mercer,* 697 A.2d 1049 (Pa.Cmwlth.1997). The Court reasoned in that case, in accordance with substantial case precedent, that a class action cannot be used to secure individual tax refunds, as the statutory right to seek a refund belongs solely to an aggrieved individual and that right may not be transferred to others through a class action. The Court thus affirmed the trial court's dismissal of the challenge to the Law that included a demand for tax refunds.

Taxpayers maintain that *Stranahan* is distinguishable because the Court in that case based its holding upon the determination that the taxpayers had no independent basis to assert the trial court's equity jurisdiction, continuing a theme running throughout *Stranahan*'s precursors.[4] This theme, however present, was not the determinative factor in any of those cases. Instead, in each case the Court held that a class action could not be maintained because the statutory refund procedure either permitted only *individual* refund claims or provided an adequate remedy at law, or both. *See Stranahan* (statutory remedy permitted only individual refund claims and was adequate).[5]

 The Court's decision in *Stranahan* could not be more analogous to the case sub judice. There, as here, the taxpayers challenged the constitutionality of the Law and requested tax refunds without first filing for a refund with the Board of Assessment Appeals. Moreover, in both that case and the instant one, a "basic issue [on appeal] is whether the possible refund claims can all be asserted in one class action." *Id.,* 697 A.2d at 1053. Under well-established case precedent, culminating in *Stranahan,* Taxpayers cannot pursue their requests for tax refunds through a class action, as the statutorily prescribed refund procedure permits only individual refund claims and adequately protects Taxpayers' potential entitlement to a refund.

 The Court also rejects Taxpayers' argument that equity can provide tax refunds in a class action under the maxim that a court, once equity jurisdiction has been established, may fashion relief as justice and good conscience dictate. *See, e.g., Tredyffrin–Easttown School Dist. v. Valley Forge Music Fair, Inc.,* 156 Pa.Cmwlth. 178, 627 A.2d 814, *appeal denied,* 538 Pa. 638, 647 A.2d 513 (1993). While that maxim might well apply to an *individual's* claim for a tax refund, it does not alter the Court's conclusion that *class actions* cannot be maintained for refund requests. Furthermore, the one case that taxpayers rely on in advancing this argument, *Belin v. Bundy,* 27 Pa. D. & C.3d 760 (1983), was not a class action, and it is therefore distinguishable.

Accordingly, the Court holds that Taxpayers cannot seek the requested tax refunds through the class action filed with the trial court. The court's order on this issue is therefore affirmed. The trial court's order is otherwise reversed, and the case is remanded to the trial court for purposes that are consistent with this opinion.

### ORDER

AND NOW, this 8th day of December, 1997, the order of the Montgomery County Court of Common Pleas is affirmed in part and reversed in part. The case is remanded with instructions according to the foregoing opinion.

Jurisdiction is relinquished.

---

4. *Lilian v. Commonwealth* 467 Pa. 15, 354 A.2d 250 (1976); *Smolow v. Commonwealth,* 131 Pa. Cmwlth. 276, 570 A.2d 112 (1990), *aff'd per curiam,* 527 Pa. 371, 592 A.2d 40 (1991); *Aronson v. City of Pittsburgh,* 98 Pa.Cmwlth. 1, 510 A.2d 871 (1986); and *Aldine Apts., Inc. v. Department of Revenue,* 32 Pa.Cmwlth. 296, 379 A.2d 333 (1977).

5. *See also Lilian* (statutory remedy was adequate); *Smolow* (statutory remedy was adequate and permitted only individual relief); *Aronson* (same); *Aldine Apts., Inc.* (statutory refund procedure deemed adequate).