Re: Appeal of Silvio F. and Elizabeth O. D'IGNAZIO from the Decision of the Chester County Board of Assessment Appeals Denying a Claim for Class Action and Determination that the Filing Fees Charged by the Chester County Board of Assessment Appeals are Illegal and Void.

Appeal of: Silvio F. and Elizabeth O. D'Ignazio.

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2010.
Decided March 5, 2010.

Joseph Patrick O'Brien, Media, for appellants.

Jeffrey R. Sommer, West Chester, for appellee, Chester County Board of Assessment Appeals.

Scot R. Withers, West Chester, for appellee, Chester County.

BEFORE: SIMPSON, Judge, BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Silvio F. (now deceased) and Elizabeth O. D'Ignazio (collectively, Appellants) appeal from an order of the Court of Common Pleas of Chester County (trial court) which denied Appellants' amended petition for appeal from the decision of the Chester County Board of Assessment Appeals (Board) which denied class action certification and the refund of filing fees. The trial court also granted the Board's motion

to dismiss the amended petition. We affirm.

Appellants are the owners of three commercial properties in West Nottingham Township, Chester County. In March of 2009, the Board notified Appellants that the assessment on the three properties was being increased as a result of interim modification.

Appellants filed an appeal of each of the assessment increases on April 21, 2008 to the Board. Appellants also paid a $50.00 filing fee for each property.[1] In each appeal, the Appellants included the following language:

* *ILLEGAL SPOT ASSESSMENT

The filing fee is illegal with no statutory basis. It discriminates between residential and commercial property. This is being filed as a class action on behalf of all persons who have paid or will be charged [a] $25.00 or $50.00 filing fee.

The Board denied Appellants interim assessment appeals and denied the claim for class certification. Appellants filed a petition for appeal with the trial court. In the petition, Appellants claimed that the Board did not have the authority to require a filing fee and that such should proceed as a class action. Thereafter, Appellants filed an amended petition for appeal, again claiming that the Board did not have the authority to require a filing fee and that the filing fee of $25.00 for residential property and the $50.00 filing fee for commercial property is disparate and unconditionally discriminates between property types in violation of the uniformity clause of the United States and Pennsylvania constitutions. Appellants also claimed that they have satisfied the requirements for a class action and sought a determination on behalf of those persons similarly charged a filing fee, that such fees collected by the Board be returned.

■ The trial court determined that Appellants' appeal was not a true tax assessment appeal and dismissed the action. The trial court noted that Appellants cited no authority for their argument that the Board has the authority to adjudicate the validity of filing fees established by the County Commissioners or that such filing fees may be contested before the Board and decided in a class action proceeding. Although the Board can adjudicate assessments, Section 8 of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. § 5349(c) does not authorize it to adjudicate the validity of filing fees. The trial court additionally observed that denial of class certification by an assessment appeals board is reviewed under an abuse of discretion standard and the record is silent as to the basis for the Board's decision and thus, the trial court could not state that the Board abused its discretion. Also, class certification is not essential to resolution of Appellants' claim and the Board has jurisdiction to approve or reject a class in an assessment brought before it. *In re Mackey,* 687 A.2d 1186 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 548 Pa. 638, 694 A.2d 623 (1997). Moreover, the trial court determined that Appellants have a remedy under Section 2 of the Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. § 5566c, for a refund of money, but such may not be pursued as a class action.[2] *Aronson v. City of Pittsburgh,* 98 Pa.

---

1. On December 16, 1997, the Board of Commissioners of Chester County adopted Resolution 4597 which established a filing fee of $25.00 for residential properties and $50.00 for commercial properties.

2. In accordance with 72 P.S. § 5566c, an "aggrieved person or corporation shall have the right to bring suit for and recover any such taxes ... or other moneys to which the political subdivision is not legally entitled...."

Cmwlth. 1, 510 A.2d 871 (1986). Additionally, the trial court stated that Appellants could arguably pursue a class action under Pennsylvania Rule of Civil Procedure No. 1708 (Pa. R.C.P.).[3] This appeal followed.[4]

Initially, we address the issue of whether the trial court erred in determining that Appellants could not bring a class action before the Board on behalf of individuals required to pay a filing fee in order to appeal an annual or interim assessment.

Appellants argue that they can maintain a class action in accordance with 72 P.S. § 5349(c) which provides:

(c) Any person aggrieved by any assessment ... may appeal to the board for relief.

\* \* \*

■ For the purpose of assessment appeals under this act, the term "person" shall include, in addition to that provided by law, a group of two or more persons acting on behalf of a class of persons similarly situated with regard to the assessment.

Because Appellants constitute "two or more persons" and own three properties, which were the subject of appeals to the Board, Appellants maintain that they should be permitted to proceed as a class challenging the fee.

As determined by the trial court and argued by the Board, 72 P.S. § 5349(c), permits any person, including a class, who has been "aggrieved by any assessment" to file an appeal with the Board. Appellants, although appealing their assessment, did not seek to proceed as a class based on the assessment. Rather, Appellants sought class status in order to challenge the filing fee adopted by the County Commissioners. Only those persons aggrieved by an assessment may proceed as a class. A filing fee is not an assessment and, as such, the Appellants may not proceed as a class under 72 P.S. § 5349(c).

■ Next, we address whether the trial court erred in determining that Appellants' contest of the legality of the filing fee should be dismissed.

A filing fee must be paid when appealing an assessment, but Appellants claim that there is nothing in the law authorizing the Board to impose such a fee and that even if authorized to do so, a different fee is charged for residential ($25.00) than for commercial ($50.00) properties. According to Appellants, Pennsylvania assessment law makes no distinction between commercial or residential properties and thus, the differing fees are not permitted.

Appellants cite to Professor Bert M. Goodman in *Assessment Law and Procedure in Pennsylvania*, 2008 Edition (PBI Press) at page 22 for the proposition that

---

3. Pa. R.C.P. No. 1708 states in pertinent part:
Rule 1708. Criteria for Certification. Determination of Class Action as Fair and Efficient Method of Adjudication
In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth in subdivisions (a), (b) and (c). Pa. R.C.P. No. 1708(a) further provides that when monetary recovery alone is sought, the court shall consider seven factors. Where equitable or declaratory relief alone is sought, Pa. R.C.P. No. 1708(b) provides that the court shall consider the first five criteria set forth in (a). Pa. R.C.P. No. 1708(c) provides that where both monetary and other relief is ought, the court shall consider all the criteria in both subdivisions (a) and (b).

4. This court's review in a tax assessment case is limited to determining whether the trial court abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence. *First Korean Church of New York, Inc. v. Montgomery County Board of Assessment Appeals*, 926 A.2d 543 (Pa.Cmwlth.2006).

"[t]here is no authority in Pennsylvania for a board of assessment appeals to impose any fee or charge to appeal an assessment." Moreover, "the legislative scheme provides that a taxpayer merely send a letter indicating that he or she is aggrieved by the assessment.... A fee to appeal an assessment is simply a tax by another name and cannot be imposed without statutory authority." *Id.*

In accordance with *Clifton v. Allegheny County,* 600 Pa. 662, 969 A.2d 1197 (2009), Appellants maintain that real estate is to be treated as a single class entitled to uniform treatment. Accordingly, Appellants argue that even if it were legal for the Board to impose a fee for an individual to appeal an assessment, applying different fees for residential versus commercial properties would be in violation of *Clifton.*

The Board responds that the trial court did not decide the issue of the legality of the fees. Rather, the trial court determined that the procedure used to raise the issue at bar was improper and held that the law provides other methods to address the refund issue raised by Appellants.

Specifically, the trial court stated and the Board argues that if Appellants believe that it was not proper for a fee to have been collected, Appellants could institute a personal action in assumpsit with the trial court, pursuant to Section 2 of the Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. § 5566c.[5] That section provides:

In the event of a refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, license fees, penalties, fines or *other monies* to which the political subdivision is not legally entitled ... then the aggrieved person ... shall have the right to bring suit for and recover any such taxes ... or *other monies* to which the political subdivision is not legally entitled ... by instituting an action in assumpsit in the court of common pleas....

(Emphasis added.) However, any request for a refund cannot be maintained as a class action.[6] In *Aronson,* this court addressed the rights of individuals to secure refunds of business privilege taxes paid through a class action. This court observed that under 72 P.S. § 5566c, the legislature set forth a specific remedy to be followed if a political subdivision refused to refund monies to which it was not legally entitled, and that a class action may not be used to provide a different remedy. Furthermore, in accordance with 72 P.S. § 5566c, only an "aggrieved person" may pursue a refund and such right cannot be transferred to another by way of a class action.

In this case, the trial court properly determined that Appellants cannot maintain a class action that challenges the filing fees imposed by the County Commissioners through a real estate tax assessment appeal, and in accordance with the above, the decision of the trial court is affirmed.[7]

### ORDER

Now, March 5, 2010, the order of the Court of Common Pleas of Chester Coun-

---

**5.** The trial court also observed that the Appellants could arguably challenge the legality of the filing fees in an original action brought by them in the trial court and that it is arguable that a class action would be appropriate under Pa. R.C.P. No. 1708.

**6.** *Israelit v. Montgomery County,* 703 A.2d 722 (Pa.Cmwlth.1997), *petition for allowance of* *appeal denied,* 555 Pa. 735, 725 A.2d 184 (1998).

**7.** We note that in their brief to this court Appellants do not mention, let alone challenge, the actual assessments imposed on their properties.

ty, in the above-captioned matter, is affirmed.