**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COUNTY OF NORTHUMBERLAND, | : | No. 17 MAL 2023 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| TOWNSHIP OF COAL, | : | |
| | : | |
| Petitioner | : | |

**ORDER**

**PER CURIAM**

AND NOW, this 2nd day of May, 2023, the Petition for Allowance of Appeal is GRANTED, LIMITED TO the issues set forth below. Allocatur is DENIED as to all remaining issues. The issues, rephrased for clairty, are:

(1)     Is compliance with the Refund Act's unambiguous, statutorily-dictated procedures both mandatory and the exclusive means of pursuing refunds of allegedly "excessive fees" charged by political subdivisions, or can refunds be obtained by a claimant's employing alternative "procedures" not legislatively authorized by the General Assembly?

(2)     Did the Commonwealth Court's unreported decision below implicitly "overrule" case law holding the Refund Act's statutory procedures are mandatory and should be "narrowly construed," *see Stranahan v. County of Mercer*, 697 A.2d 1049, 1053 (Pa. Cmwlth. 1997), and create alternative procedures which were previously unavailable under the Refund Act?