638 A.2d 282

Sarah W. HARGROVE, Secretary of Banking of the
Commonwealth of Pennsylvania, Appellant,

v.

Wendell C. EHINGER and Peter G. Stanley, trading and doing
business as The Marian Bank, BCM Engineers, Inc., John Bee,
Martin Bergen, On Behalf of Themselves and a class of All
Others Similarly Situated etc.

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1993.

Decided Jan. 11, 1994.

Ann B. Laupheimer, for appellant.

Paul R. Rosen, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

CRAIG, President Judge.

The Secretary of Banking of the Commonwealth of Pennsylvania and Receiver for The Marian Bank, Sarah W. Hargrove (Secretary), appeals from an order of the Court of Common Pleas of Philadelphia County granting Class Certification to BCM Engineers, Inc., Mildred and Lewis Kaplan, Evan Linnett, John Bee and Martin Bergen, and all depositors and non-deposit creditors of Marian Bank. BCM contends that certification of a class is a non-appealable, interlocutory order and requests this court to quash the Secretary's appeal.

*Procedural and Factual Background*

The Marian Bank operated as a private bank until April 17, 1992.[1] Deposits in the Marian Bank were insured by the Pennsylvania Deposit Insurance Corporation (PDIC), but not

---

1. Section 102 of the Banking Code of 1965, Act of November 30, 1965, P.L. 356, *as amended*, 7 P.S. § 102(t) defines a "private bank" as:

    An individual, partnership or unincorporated association authorized as a private bank under the Banking Code of 1933 to engage in the business of banking in this Commonwealth on the effective date of this act and an individual, partnership or unincorporated association which receives authority, pursuant to this act, to continue in the business of banking as a private bank.

by the Federal Deposit Insurance Corporation (FDIC). In April of 1992, Marian Bank had $82 million of deposit liabilities. At the same time, the PDIC insurance fund consisted of $4 million, an amount insufficient to pay the insured deposits of the member private banks.

Following an examination of Marian Bank by examiners of the Department of Banking, the Secretary determined that Marian Bank's liabilities exceeded its assets by $7 million. Therefore, the Secretary devised a plan to take possession of Marian Bank as receiver pursuant to section 504 of the Department of Banking Code (Department Code), Act of May 15, 1933, P.L. 565, *as amended,* 71 P.S. § 733–504.

As part of the plan, the Secretary sought FDIC insurance by effecting a purchase and assumption agreement (P & A agreement) between Marian Bank and Marian State Bank (State Bank), a new, state-owned bank. Because the FDIC insures deposits up to $100,000, the P & A agreement provided that the State Bank assume the first $100,000 of each depositor's deposits in Marian Bank. Deposits over $100,000 would remain in Marian Bank. Additionally, the P & A agreement required the Secretary as receiver to transfer assets from Marian Bank to the State Bank in an amount equal to the State Bank deposit liabilities. The State Worker's Insurance Fund (SWIF) agreed to provide capital for the State Bank by purchasing $9 million worth of common stock.

On April 17, 1992 the Secretary filed a certificate of possession in the Court of Common Pleas of Philadelphia County, pursuant to § 604 of the Department Code, 71 P.S. § 733–604, and took possession of Marian Bank as receiver. On the same day, the Secretary appeared before Judge Herron of the Court of Common Pleas of Philadelphia County to apply for an order confirming her as receiver of Marian Bank, and an order approving the P & A agreement. After an *ex parte* hearing, Judge Herron issued two orders on April 17, 1992. The first order confirmed the Secretary as receiver. The

second order approved the P & A agreement.[2]

On April 20, 1992, the FDIC and the State Bank entered into an agreement by which the FDIC agreed to insure the deposits assumed by State Bank. On that same day, the State Bank opened for business.

In May, 1992 the Secretary determined that certain deposits in Marian Bank thought to be uninsured by the PDIC, were insured by the PDIC and insurable by the FDIC. The State Bank agreed to accept those liabilities totaling $2.8 million in return for assets of equal value from Marian Bank.

On May 29, 1992, BCM filed a petition to intervene in the receivership action stating that, if granted permission to intervene, BCM would file a class action complaint against the Secretary as receiver for Marian Bank, the Secretary as receiver for the PDIC, and the State Bank.[3] Before the trial court acted on BCM's petition to intervene, BCM also filed a separate class action complaint in the Philadelphia Court of Common Pleas, on June 3, 1992. The complaint alleged that the Secretary violated the Banking Code, which requires a pro rata distribution of the assets of a bank in receivership to depositors and other creditors.

In a motion dated June 17, 1992 BCM moved for class certification. The Court of Common Pleas of Philadelphia County consolidated the receivership action with the class action in an order dated June 18, 1992.

On November 12, 1992 the trial court held a hearing on the class action allegations pursuant to Pa.R.C.P. No. 1707 to

2. In an order dated April 17, 1992, this court appointed the Secretary as receiver for the PDIC.

3. In July 1992, BCM also filed a petition for special injunctive relief to require the return of transfers actually made to the State Bank and to prevent future transfers without court approval. In an order dated October 6, 1992 the trial court ordered that unless prior court approval was obtained, the Secretary was prohibited from transferring funds from Marian Bank to State Bank and State Bank was prohibited from accepting any assets from Marian Bank.

   The Secretary and State Bank appealed that order to this court at No. 2320 C.D.1993 and No. 2322 C.D.1993. In an order dated January 3, 1994, this court reversed the decision of the trial court.

determine whether to certify a class consisting of (i) all depositors with deposits in excess of $100,000 in Marian Bank as of April 17, 1992, and (ii) all creditors, other than depositors, of Marian Bank as of April 17, 1992, who file proof of their claims with the Secretary in accordance with § 1003 of the Department Code, 71 P.S. § 733–1003.

In an order dated December 11, 1992 the trial court granted BCM's motion for class certification, finding that the class met the requirements of Pa.R.C.P. No. 1707. The trial court determined that the following questions of law and fact were common to the class:

(i) whether the assets of Marian Bank, if properly collected, were sufficient to pay the claims of the class in full, i.e., a 100% payment;

(ii) whether the Secretary's transfer of assets pursuant to the P & A agreement complied with the *pro rata* distribution and other statutory requirements of the Banking Code and Department of Banking Code;

(iii) whether State Bank is jointly liable with the Secretary and whether a constructive trust should be placed on the assets which were allegedly improperly transferred to the State Bank in order to provide the proper *pro rata* payment to the excess depositors and non-deposit creditors; and

(iv) whether the assets of Marian Bank are being improperly collected and assets improperly transferred.

## Motion to Quash

BCM contends that, in accordance with Pa.R.A.P. 311(a)(2), the Secretary may not appeal as of right from the trial court order certifying the class. Pa.R.A.P. 311(a)(2) permits an appeal as of right from "[a]n order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property...."

BCM argues that in accordance with *Piltzer v. Independence Federal Savings & Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974), and *Pincus v. Mutual Assurance Co.*, 457 Pa.

94, 321 A.2d 906 (1974), an appeal from an order certifying a class is a non-appealable, interlocutory order. However, unlike those cases which involve equity receiverships, the present case involves a statutory receivership. Section 601 of the Department Code, 71 P.S. § 733–601, provides that "[w]henever the department takes possession of the business and property of an institution, the secretary shall, *by operation of law,* . . . become receiver of such institution. . . . (Emphasis added.)

In *Harr v. Mikalarias,* 328 Pa. 49, 54, 195 A. 86, 89 (1937), the Supreme Court stated that the Department Code is a "complete and comprehensive system for the liquidation of banking institutions." Thus, the Secretary argues that depositors and non-deposit creditors, such as the plaintiff class, must follow the procedures set forth in the Department Code.

Specifically, the Secretary argues that § 713 of the Department Code, 71 P.S. § 733–713 prohibits the presentation of claims except when those claims are presented in the method provided for in the Department Code. That section provides:

B. *All claims* against the institution, suit upon which has not been commenced prior to the time the secretary took possession, *shall be presented in the regular manner provided by this act* for the presentation of claims. Neither a depositor or other creditor of the institution, nor any other claimant, may maintain any action at law or in equity upon such claim, except by regular method provided by this act for exceptions to the accounting of the secretary as receiver." (Emphasis added.)

We agree with the Secretary that the trial court's order, certifying the class, deviates from the procedure set forth in the Department Code for the presentation of claims. Thus, admittedly not appealable with respect to its superficial aspect as an order certifying a class action, it does "affect" the "possession or control of property" and it does therefore purport to "modify" the receivership. Hence, the Secretary's appeal is permissible pursuant to Pa.R.A.P. 311(a)(2). Accordingly, BCM's motion to quash the Secretary's appeal is denied.

Class

█ The trial court determined that the plaintiff class met the requirements for class certification set forth in the Pennsylvania Rules of Civil Procedure. However, the Secretary argues that the Department Code provides an exclusive statutory remedy for addressing the claims of depositors and creditors. Therefore, the Secretary contends that a class action cannot be maintained under Pa.R.C.P. No. 1702, because an exclusive statutory remedy exists.

Specifically, the claims of depositors and non-deposit creditors are governed by the Department Code. As receiver of an institution, the Secretary, in accordance with § 1001 of the Department Code, 71 P.S. § 733–1001, is required to send notices to all depositors stating the "amount which the books or other records of the institution show to be due to such depositor or shareholder." Additionally, the "notice to each creditor other than a depositor, . . . shall inform such creditor that he must present his claim in the manner provided by this act, within a specified time from the date of such notice, or else be permanently barred from sharing in any distribution of the assets of the institution, . . . ." *Id.*

After the Secretary files and gives notice of the final account and proposed distribution, creditors and depositors may file exceptions to the accounting pursuant to § 1008 of the Department Code, 71 P.S. § 733–1008. Finally, depositors and creditors are afforded judicial review pursuant to § 1009 of the Department Code, 71 P.S. § 733–1009. That section provides for the adjudication of all exceptions filed by depositors and creditors by the court in which the account is filed.

Additionally, as previously stated, § 713 of the Department Code, prohibits suits by depositors and creditors which deviate from the statutory procedure. All claims not presented before the Secretary takes possession of the institution "shall be presented in the regular manner provided by this act for the presentation of claims." The Department Code prohibits "any action at law or in equity upon such claim, except by regular method provided by this act for exceptions to the accounting of the secretary as receiver."

BCM contends that this section prohibits claims against the institution and not the Secretary. However, § 701 of the Department Code, 71 P.S. § 733–701 provides that the Secretary as receiver "shall be vested, in his official capacity, with all the rights, powers, and duties of such institution; ..." Thus, because the Secretary represents the institution, no action may be maintained against the Secretary as receiver.

In *In re Gordon*, 348 Pa. 255, 35 A.2d 521 (1943), the Supreme Court held that courts are required to follow the procedures set forth in the Department Code. In that case, the court reversed common pleas court orders which appointed auditors in four bank liquidations to examine and audit the Secretary's accounts; disapproved the Secretary's accounts and denied confirmation in three cases and in a fourth case, confirmed the Secretary's account, subject to the payment of a specified sum to the auditors.

The Supreme Court noted that the common pleas court improperly deviated from the provisions of the Department Code. "The comprehensive powers which the court on the equity side might exercise generally, are restricted by provisions of the Code specifically providing what the court shall or may do on application by the Secretary or any interested party." *Id.* at 259, 35 A.2d at 523. Thus, courts are constrained to follow the procedures set forth in the Department Code for the liquidation of institutions.

In *Lilian v. Commonwealth*, 467 Pa. 15, 354 A.2d 250 (1976), a proposed class of taxpayers sought to compel the Secretary of Revenue to pay a tax rebate in an equity class action. The court determined that the Tax Reform Code provided a procedure which authorized taxpayers to obtain a refund by filing a petition with the Department of Revenue. The Supreme Court explained that "if the legislature provides a specific, exclusive, constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method." *Id.* at 19, 354 A.2d at 253. (Citation omitted.)

Additionally, the explanatory note to Pa.R.C.P. 1702 provides:

However, where a specific statutory remedy is provided for the processing of claims, numerosity of claims will not justify a class action. See *Lilian v. Commonwealth*, 467 Pa. 15, 354 A.2d 250 (1976). This follows the classic principle that a statutory form of relief must be followed exclusively.

Thus, because a statutory remedy exists for the processing of claims, we agree with the Secretary that the trial court erred in certifying the class, a procedure not provided for in the Department Code. Accordingly, the decision of the trial court is reversed.

## ORDER

NOW, January 11, 1994, BCM's motion to quash is denied, and the order of the Court of Common Pleas of Philadelphia County, dated December 11, 1992, at Nos. 2179 April Term, 1992 and 601 June Term, 1992, is reversed.

· This decision was reached before the conclusion of Judge PALLADINO'S service.