**Ronald J. SMOLOW, Individually and on Behalf of all Persons and Entities Similarly Situated, Petitioner,**

v.

**Barbara HAFER, Treasurer of the Commonwealth of Pennsylvania and Treasury Department of Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2004.

Decided Feb. 9, 2005.

Ann M. Caldwell, Philadelphia, for petitioner.

Daniel J. Doyle, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Ronald Smolow (Smolow), individually and on behalf of all persons and entities similarly situated, commenced a class action in this Court against Barbara Hafer, Treasurer of the Commonwealth of Pennsylvania, and Treasury Department (hereinafter collectively referred to as "Treasury Department"). Smolow seeks the payment of interest on property recovered pursuant to Article XIII.1 of the Fiscal Code also known as the Disposition of Unclaimed and Abandoned Property Act (Unclaimed Property Law)[1], and declaratory and injunctive relief on the grounds that the Unclaimed Property Law violates the Just Compensation and Due Process Clauses of the United States Constitution. Smolow also seeks damages and attorney fees pursuant to 42 U.S.C. § 1983. Before this Court are the Treasury Department's preliminary objections to Smolow's amended class action complaint.

The facts as pled are as follows. In August 2002, the Treasury Department took possession of Smolow's 300 shares of "Parker Drilling" stock pursuant to the Unclaimed Property Law.[2] Amended Com-

---

[1]. Act of April 9, 1929, P.L. 343, added by Section 5 of the Act of December 9, 1982, P.L. 1057, *as amended*, 72 P.S. §§ 1301.1–1301.28a.

[2]. Property that is presumed abandoned is subject to the custody and control of the Commonwealth. Section 1301.2 of the Unclaimed Property Law, 72 P.S. § 1301.2. Property is presumed abandoned if it is unclaimed by the apparent owner for a specified period of time—in this case, for seven years. Section 1301.6 of the Unclaimed Property Law, 72 P.S. § 1301.6. Once the period of time has passed and the property is presumed abandoned, the holder of the property must file with the Treasurer a report identifying such property. Section 1301.11 of the Unclaimed Property Law, 72 P.S. § 1301.11. The Treasurer is then required to publish a notice of

plaint, June 7, 2004, Paragraph ¶ 8 at 3. On February 18, 2003, the Treasury Department sold Smolow's Parker Drilling stock at $1.9549 per share and received $586.47 in exchange. Amended Complaint ¶ 9 at 3. After converting Smolow's Parker Drilling Stock, the Treasury Department earned "interest, increments and other appreciation and profits" on the $586.47. Amended Complaint ¶ 10 at 3. After discovering in August 2003 that his Parker Drilling stock had come into the possession of the Treasury Department, Smolow filed for the return of his property. Amended Complaint ¶¶ 12–13 at 3–4.

On January 5, 2004, the Treasury Department returned $586.47, the actual amount received from the sale of the stock, no interest was included. The interest amounted to approximately $30. Amended Complaint ¶¶ 14, 16 at 4. On January 15, 2004, Smolow filed another claim and requested the interest from the time the Treasury Department had use of his property. Amended Complaint ¶ 15 at 4. On February 9, 2004, Smolow was informed that his request was denied.

On March 8, 2004, Smolow filed a seven-count class action complaint[3] which is the subject of the Treasury Department's preliminary objections before this Court. Smolow maintains that the Treasury Department is obligated to pay him the interest it earned on his property pursuant to Section § 1301.15 of the Unclaimed Property Law which provides:

1301.15. Income accruing after payment or delivery.

When property is paid or delivered to the State Treasurer under this article, the owner is entitled to receive income or other increments actually received by the State Treasurer.

72 P.S. § 1301.15.

Alternatively, Smolow contends to the extent that the Unclaimed Property Law does not require the payment of interest, the statute is unconstitutional since it does not provide just compensation for the taking and use of private property for public purposes.[4]

---

the existence of the property and to attempt to notify by mail the possible owner of the property. Section 1301.12 of the Unclaimed Property Law, 72 P.S. § 1301.12. If the property is not claimed from the property holder (financial institutions, insurers, utilities, business associations, fiduciaries, courts and public officers and agencies), the property is paid or delivered to the Treasurer. Section 1301.13(a) of the Unclaimed Property Law, 72 P.S. § 1301.13(a). The Treasurer may sell the property and any funds the Commonwealth receives are deposited into the state's general fund. Sections 1301.17 and 1301.18 of the Unclaimed Property Law, 72 P.S. § 1301.17–72 P.S. § 1301.18. The Treasurer shall be responsible to an owner "only for the amount actually received by the State Treasurer upon the sale of any property." Section 1301.17(d) of the Unclaimed Property Law, 72 P.S. § 1301.17(d).

**3.** On June 7, 2004, Smolow filed an Amended Complaint. **Count I** is brought under Section

1301.15 of the Unclaimed Property Law, 72 P.S. § 1301.15, and avers that the Unclaimed Property Law requires the interest be paid. **Count II** asserts a denial of substantive and procedural due process under the Pennsylvania Constitution because the property was allegedly taken without just compensation. **Count III** claims the Treasurer was unjustly enriched by not paying interest. **Count IV** alleges the Treasurer breached her fiduciary duty to property owners. **Count V** seeks injunctive relief precluding Treasury Department from taking and using private property without paying interest. **Counts VI** and **VII** are due process claims brought under the U.S. Constitution. Smolow seeks damages, an accounting, a declaration that the Treasury Department violated the Unclaimed Property Law and the Pennsylvania and U.S. Constitutions, injunctive relief and attorney fees.

**4.** Under both the Fifth Amendment to the U.S. Constitution and Art. 1, § 10 of the Pennsylvania Constitution, the taking of pri-

■ In preliminary objections[5], the Treasury Department asserts that Smolow erroneously brought this action in this Court's original jurisdiction when it is actually an "appeal" from the Treasurer's denial of his claim for interest.[6] The Treasury Department further contends that since the *class members* failed to exhaust their administrative remedies, this Court lacks jurisdiction over the class. Specifically, the Treasury Department asserts there is nothing in the amended complaint which indicates that any class member, other than Smolow, requested and was denied interest on a claim, and there is nothing in the pleadings which suggests that any other person commenced an action pursuant to the specific statutory remedy provided by the legislature in 72 P.S. § 1301.21. The Treasury Department asserts that the unnamed class members who did not object to any action of the Treasurer may not avoid statutorily prescribed procedures and participate in a purported class action lawsuit, especially where as here, the right to recover unclaimed property is a personal right which may not be maintained as a class action. Finally, the Treasury Department contends that Smolow's claims as a matter of law are unfounded because Smolow failed to allege any taking of "net earnings" which, it contends, is a requisite element of an unconstitutional taking claim.

## I.

### Appellate versus Original Jurisdiction

First, the Treasury Department contends that the action labeled a "complaint" is actually an "appeal." It maintains that Smolow seeks review of a governmental determination made by the Treasurer, and appeals pursuant to statutes providing for judicial review of a determination of a governmental unit and objections to such determinations are governed exclusively by Chapter 15 of the Pennsylvania Rules of Appellate Procedure.

The Treasury Department cites *Daily Express, Inc. v. Office of the State Treasurer*, 683 A.2d 963 (Pa.Cmwlth.1996) in support of its position. In that case, Daily Express, a trucking company, had failed to file annual reports of abandoned and unclaimed property in accordance with Section 1301.23 of the Unclaimed Property Law. The Office of the State Treasurer, Office of Unclaimed Property (OUP) performed an audit of the company's books and records and identified abandoned and unclaimed property in excess of $175,000. OUP presented the company with its audit in the form of a "summary of findings."

---

vate property by the government is unconstitutional without payment of just compensation. U.S. Const. amend. 5; Pa. Const. art. 1, § 1.

**5.** In ruling on preliminary objections, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). "However, we need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa.Cmwlth.1998), petition for allowance of appeal denied, 560 Pa. 677, 742

A.2d 173 (1999). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth. 1995).

**6.** The Treasury Department does not dispute this Court's appellate jurisdiction over Smolow, *as an individual*, even though it contends his action was mislabeled a "complaint", rather than a "petition for review" since Smolow specifically requested interest from the Treasurer, was denied interest and sought relief from this Court within 30 days after the Treasurer's decision.

The company petitioned for review and requested a hearing before the review committee. After hearing, the review committee approved the audit and the company sought review by this Court. The Treasurer argued that the committee's decision was not a "final order." This Court agreed and held that the order was not final and dismissed the appeal for lack of jurisdiction. The Treasury Department contends that the *Daily Express* decision supports the conclusion that this complaint is actually an "appeal" since neither party questions the finality of the Treasurer's order with respect to Smolow's claim.[7]

Smolow counters by arguing that this action is properly before this Court in its original jurisdiction. Smolow maintains that although there is no case law to support the proposition that actions commenced pursuant to the Unclaimed Property Law fall within this Court's original jurisdiction, case law has addressed whether proceedings brought pursuant to statutes authorizing a trial *de novo* following an adverse decision by a government agency is an appellate proceeding. *Commonwealth of Pennsylvania Department of Transportation v. Fiore,* 138 Pa.Cmwlth. 596, 588 A.2d 1332 (1991) (The issue was whether court of common pleas conducting a *de novo* review of a license suspension under Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550, could modify the penalty imposed by the Department of Transportation. Commonwealth Court held that *de*

*novo* review means a "full consideration of the case at another time", and concluded that the court of common pleas was substituted for the Secretary of Transportation and properly "re-decided" the case). Citing *Commonwealth of Pennsylvania v. Ripley,* 833 A.2d 155 (Pa.Super.2003), and *Stoner v. Presbyterian University Hospital,* 609 F.2d 109 (3d Cir.1979), Smolow contends that other courts have held that a trial or hearing *de novo* is a proceeding in which the court sits as a court of original rather than appellate jurisdiction. Accordingly, Smolow argues, this Court must conduct a *de novo* review of the case.

■ This Court is persuaded that the express language of the statute itself resolves the issue. Section 1301.19 of the Unclaimed Property Law, 72 P.S. § 1301.19, provides that "[a]ny person claiming an interest in any property paid or delivered to the Commonwealth under this article may file a claim thereto or to the proceeds from the sale thereof on the form prescribed by the State Treasurer." Section 1301.20(a) of the Unclaimed Property Law goes on to provide that:

> The State Treasurer shall consider any claim filed under this article and may hold a hearing and receive evidence concerning it. If a hearing is held, the State Treasurer shall prepare a finding and a decision in writing on each claim filed, stating the substance of any evidence heard by the State Treasurer and the reasons for the State Treasurer's

---

7. This Court disagrees with the Treasury Department's analysis of *Daily Express* and with its contention that *Daily Express* controls the resolution of the present controversy. In *Daily Express,* this Court noted that Section 1301.21 of the Unclaimed Property Law was *inapplicable* since Daily Express was *not a party who claimed an interest in property paid or delivered to the Commonwealth* under Section 1301.19, 72 P.S. § 1301.19. Therefore, the Court's analysis with respect to whether

the review committee's approval of an audit of a trucking company which failed to file annual reports of abandoned and unclaimed property in accordance with section 1301.23 of the Unclaimed Property Law was a final appealable order is completely inapplicable here based on the plain language of Section 1301.21, and where, contrary to *Daily Express,* the complaining parties are unquestionably persons who have an interest in property paid or delivered to the Commonwealth.

decision. The decision shall be a public record.

72 P.S. § 1301.20(a).

Section 1301.21 of the Unclaimed Property Law further provides the procedure for aggrieved persons regarding abandoned or unclaimed property paid or delivered to the Commonwealth:

Any person aggrieved by a decision of the State Treasurer, or as to whose claim the State Treasurer has failed to act within ninety (90) days after the filing of the claim, *may commence an action in the Commonwealth Court to establish his claim.* The proceeding shall be brought within thirty (30) days after the decision of the State Treasurer or within one hundred twenty (120) days from the filing of the claim if the State Treasurer fails to act. *The action shall be tried de novo without a jury.*

72 P.S. § 1301.21 (Emphasis added).

While there has been no court of record review of whether actions commenced in this Court pursuant to Section 1301.21 of the Unclaimed Property Law fall within this Court's original or appellate jurisdiction, the language of the statute is clear. A person aggrieved by a governmental decision pertaining to a claim "may commence an action in the Commonwealth Court to establish [the] claim" and "the action shall be tried *de novo* without a jury." 72 P.S. § 1301.21. (Emphasis added). Clearly, the General Assembly intended that a person, after having received an adverse decision from the Treasurer, may commence, i.e., to begin or originate, an action in this Court in order to establish

the claim, and the action be tried in this Court *de novo.*[8]

This Court notes that the procedure is consistent with 42 Pa.C.S. § 761(a)(1) which provides, with certain exceptions not applicable here, that "[t]he Commonwealth Court shall have **original** jurisdiction of all civil actions or proceedings ... [a]gainst **the Commonwealth government,** including any officer thereof, acting in his official capacity." (Emphasis added).

Notably, the Treasury Department offers no reason why its own procedural rules do not apply. Instead, it maintains that this action is an "appeal" and the review of a government determination is governed exclusively by Pennsylvania Rules of Appellate Procedure 1501(a) and 1502. However, the Treasury Department neglects to consider that Chapter 15 governs both appeals to this Court as well as actions in this Court's original jurisdiction. *See* Pa.R.A.P. 1512(c); and G. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice, 2d Ed. § 1501:1–1501:6 (1995). Pursuant to Pa. R.A.P. 1501(a)(3), a petition for review is the proper filing to commence an original jurisdiction action in this Court in matters including requests for injunctions and declaratory judgments. So, while the Treasury Department is correct that Smolow's action should have been labeled a "petition for review" under Chapter 15 of the Appellate Rules, the express language of Section 1301.21, 72 P.S. § 1301.21, and the express provisions of 42 Pa.C.S. § 761(a)(1) confer that Smolow's action be addressed in this Court's original jurisdiction.

---

8. We are cognizant of our decision in *Direnzo Coal Company v. Department of General Services,* 779 A.2d 614 (Pa.Cmwlth., 2001) in which this Court reviewed recent amendments to the Procurement Code, 62 Pa.C.S. §§ 101–4509, which includes the phrase "commence an action in the Commonwealth

Court." In that case, we concluded that the phrase meant an action in our appellate jurisdiction. However, in light of the phrase "The action shall be tried de novo without a jury" which appears in the Unclaimed Property Law, our analysis in *Direnzo* is distinguishable.

## II.

### *Jurisdiction Over the Class*

Next, the Treasury Department asserts that this Court lacks jurisdiction over the class [9] because the class members failed to comply with Section 1301.2 of the Unclaimed Property Law, 72 P.S. § 1301.21, which requires persons aggrieved by a decision of the State Treasurer to commence actions in this Court within the statutory frame of 30 days after final action of the Treasurer or 120 days if there is no action. Further, the Treasury Department contends that a class action is inappropriate "when only individual causes of action exist." Treasury Department Brief, August 30, 2004, at 8.

■ It is well settled that where a State through its Legislature consents to be sued, the modes, terms and conditions of the statute conferring such privilege must be strictly construed. *Land Holding Corporation v. Board of Finance and Revenue*, 388 Pa. 61, 130 A.2d 700 (1957).

In *Aronson v. City of Pittsburgh*, 98 Pa.Cmwlth. 1, 510 A.2d 871 (1986), this Court applied this principle and affirmed the Court of Common Pleas of Allegheny County's denial of class certification to taxpayers owed a refund of business privilege taxes erroneously paid. There, after this Court set aside the assessment of business privilege taxes on fees Mark Aronson (Aronson) received as a director of various corporations, Aronson filed a class action complaint seeking, on behalf of himself and others similarly situated, to recover the business privilege taxes paid. Sections 1 and 2 of the Act of May 21, 1943, P.L., *as amended*, 72 P.S. § 5566b and § 5566c,

provided the exclusive procedure for a taxpayer who pays a local occupation tax, later found to be void. Specifically, 72 P.S § 5566c provided that a person claiming a refund must file a petition within two years from the date the tax was paid. 72 P.S § 5566c provided that in the event a refund was denied, the person aggrieved had the right to bring suit in the court of common pleas.

There we noted "where the Legislature has provided a specific statutory remedy, a class action may not be used to provide a different remedy." *Aronson*, 510 A.2d at 873. Any class member who had not complied with the procedures set forth in 72 P.S. § 5566b and § 5566c was not entitled to a refund. This Court went on to note, "in any event," even if class members had requested a refund, they could not be members of the putative class. This Court explained: [t]he statute is clear that the Legislature has seen fit to give only the individual aggrieved the right to sue for a refund. The right is personal and may not be transferred to another by way of a class action." *Aronson*, 510 A.2d at 873.

■ Here, as in *Aronson*, Smolow does not allege that each putative class member specifically requested and was denied interest, and there is nothing in the record which indicates that any member of the putative class, other than Smolow, commenced an action within the statutorily prescribed time. Where the statutory procedure is not followed, any putative class member who did not pursue this remedy is not entitled to recover interest. Moreover, even if a putative class member had requested and was denied interest, and timely filed a petition for review, the indi-

---

9. The Amended Complaint defines the class as: "[a]ll persons and entities whose property was delivered to defendants as unclaimed or abandoned property pursuant to [the Unclaimed Property Law] converted to cash, and returned to the owner without just compensation during the Class Period." Amended Complaint ¶ 22 at 5. The "Class Period" is defined as beginning "six years prior to the filing of this lawsuit and is continuing." *Id.*

vidual would not be entitled to join in a class action.

In this controversy, the mechanism for an aggrieved person to challenge an action of the Treasurer under the Unclaimed Property Law is carefully set forth by the Legislature. That remedy, as this Court held in *Aronson*, is personal to "persons aggrieved" by a decision of the Treasurer, and may not be transferred to others by way of a class action. *See also School District of Borough of West Homestead v. Allegheny County Board of School Directors*, 440 Pa. 113, 118, 269 A.2d 904, 907 (1970) ("[I]f the legislature provides a specific exclusive, constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought ... to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method."); *Stranahan v. County of Mercer*, 697 A.2d 1049, 1052 (Pa.Cmwlth.1997); *Zarwin v. Montgomery County*, 842 A.2d 1018 (Pa. Cmwlth.2004); *Israelit v. Montgomery County*, 703 A.2d 722, 725 (Pa.Cmwlth. 1997) ("Taxpayers cannot pursue their requests for tax refunds through a class action, as the statutorily prescribed refund procedure permits only individual refund claims and adequately protects Taxpayers' potential entitlement to a refund"); *Hargrove v. Ehinger*, 161 Pa.Cmwlth. 306, 638 A.2d 282 (1994) (Department of Banking Code, which provided the exclusive remedy for the prosecution of any claim against the Secretary of Banking, did not provide for the maintenance of class actions).

Accordingly, this Court holds that the right to claim unclaimed or abandoned property under the Unclaimed Property Law is individual, and it must be pursued individually within the statutory confines of that legislation. The Treasury Department's preliminary objection seeking dismissal of the class is sustained.

## II.

### Smolow's Claims are Unfounded as a Matter of Law

#### A. Delivery of Smolow's Abandoned Stock to the Treasury Department did not Constitute a "Taking"

The Treasury Department next contends that Smolow has no clear right of relief because there is no allegation of any taking of "net earnings" which is a requisite element of a cause of action for an unconstitutional taking. Preliminary Objections to Amended Complaint, June 28, 2004, at 2. This Court adopts the Treasury Department's position that Smolow has no clear right of relief, but for reasons other than those asserted.

■ A "taking" occurs when an "entity clothed with the power substantially deprives an owner of the use and enjoyment of his property." *Machipongo Land & Coal Co., Inc. v. Department of Environmental Resources*, 719 A.2d 19 (1998).

■ In the present controversy, the delivery of Smolow's stock to the Treasury Department did not constitute a taking. Under the Unclaimed Property Law, property received by the Treasury Department does not permanently escheat to the state. The Commonwealth exercises its right to take "custody and control" of abandoned property, as opposed to taking absolute title, and the Unclaimed Property Law provides an entitled claimant the opportunity to recover his property from the Treasurer. It has been held that no unconstitutional taking occurs where a state exercises its right to take custody and control of abandoned property, as opposed to taking absolute title. *See In re Folding Carton Antitrust Litigation* 744 F.2d 1252, 1255 (7th Cir.1984) (custodial escheat under federal statute raises no unconstitu-

tional taking); *See also Fong v. Westly*, 117 Cal.App.4th 841, 12 Cal.Rptr.3d 76 (2004).

This holding is consistent with Federal case law which "has never required the State to compensate the owner for the consequences of his own neglect." *Texaco, Inc. v. Short*, 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). The United States Supreme Court explained:

> In ruling that private property may be deemed to be abandoned and to lapse upon the failure of its owner to take reasonable actions imposed by law, this Court has never required the State to compensate the owner for the consequences of his own neglect. We have concluded that the State may treat a mineral interest that has not been used for 20 years and for which no statement of claim has been filed as abandoned; it follows that, after abandonment, the former owner retains no interest for which he may claim compensation. **It is the owner's failure to make any use of the property—and not the action of the State—that causes the lapse of the property right; there is no "taking" that requires compensation.** The requirement that an owner of a property interest that has not been used for 20 years must come forward and file a current statement of claim is not itself a "taking."

*Texaco*, 454 U.S. at 530, 102 S.Ct. 781 (Emphasis added).

Here, it is Smolow's abandonment of his property, not the action of the Treasurer, which caused his pecuniary loss. There was no taking that requires compensation.

Accordingly, this Court holds that where an owner's interest in property is transferred to another pursuant to the Unclaimed Property Law and *due to the original owner's abandonment,* the delivery of the property to the Treasurer does not constitute a taking.

**B.** *The Commonwealth is Not Liable for Payment of Interest In Absence of any Contract or Statute*

■ It is well recognized that the Commonwealth is not liable for interest except where expressly or by reasonable construction of a contract or statute, it is placed in a position of liability. In *Purdy's Estate*, 447 Pa. 439, 291 A.2d 93 (1972); *Commonwealth v. Philadelphia Gas Works*, 484 Pa. 60, 398 A.2d 942 (1979); *Cianfrani v. Commonwealth State Employee's Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984).

■ Importantly, the Unclaimed Property Law does not expressly provide for the payment of interest.[10] Neither party disputes this.[11] In fact, the statute ex-

---

**10.** Compare the Louisiana's Unclaimed Property Act, La.R.S. 9:163, which expressly includes the requirement that the administrator pay interest on previously interest-bearing property:

> If the property was interest bearing to the owner on the date of surrender by the holder, the administrator shall pay interest at a rate of five percent a year or any lesser rate the property earned while in the possession of the holder. Interest begins to accrue when the property is delivered to the administrator and ceases on the earlier of the expiration of ten years after delivery or the

date on which payment is made to the owner. Interest on interest bearing property is not payable for any period before the effective date of this Chapter, unless authorized by law superseded by this Chapter.

**11.** Smolow states in his Brief: "Plaintiff asserts that the statute itself, by not providing for the payment of interest (a contention Defendants do not dispute) is unconstitutional." Smolow's Brief, October 1, 2004, at 13.

This Court notes that Smolow does argue, in the alternative, that "income and other increments" contained in 72 P.S. § 1301.15,

pressly states that "[t]he Treasurer shall be responsible to an owner *only for the amount actually received by the State Treasurer upon the sale of any property.*" 72 P.S. § 1301.17(d) (emphasis added). The Treasurer complied with the statute by returning "the amount it actually received" upon the sale of the stock. The Treasurer did not violate the Unclaimed Property Law by not paying interest on the property recovered for Smolow.

The Treasury Department's preliminary objection in the nature of a demurrer to the Amended Complaint in the above captioned matter is hereby sustained and the Amended Complaint is Dismissed, with prejudice.

### ORDER

AND NOW, this 9th day of February, 2005, the Treasury Department's preliminary objections to the Amended Complaint in the above captioned matter are hereby SUSTAINED and the Amended Complaint is DISMISSED, with prejudice.

encompasses interest earned on the property while it is in the custody and control of the Treasurer. This Court does not agree. Conspicuously missing from the Unclaimed Property Law is any provision for the Treasurer's payment of interest. Compare: Section 806.1 of the Act of April 9, 1929 (P.L. 343, No. 176), known as "The Fiscal Code" which expressly provides for the payment of interest by the Commonwealth on overpayments of taxes not legally due. This Court has no power to insert words into a statutory provision where the legislature has chosen not to supply it. *Latella v. Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 14, 459 A.2d 464 (1983).